## STATE OF MICHIGAN
## IN THE EASTERN DISTRICT OF MICHIGAN


**SHARON CURTIS**
**Via her guardian and conservator,**
**JANETTE CURTIS**
   **PLAINTIFFS**

          **Case No: 1:23-CV-12859-TLL**
**V**         **Hon: Thomas L. Ludington**


**DEUTSCHE BANK NATIONAL TRUST COMPANY,**
**As Trustee for Quest Trust 2005-X1, Asset Backed**
**Certificates Series 2005-X1,**
**PHH MORTGAGE CORPORATION**
**A Foreign limited liability Corp.**
**OCWEN FINANCIAL CORPORATION**
**A Foreign Limited Liability Corp.**
    **Jointly and severally**
    **DEFENDANTS**
_____/


## PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAING ORDER AND EQUITABLE RELIEF

NOW COME the Plaintiffs, SHARON CURTIS via her guardian and conservator,

JANETTE CURTIS by and through their attorney, VALERIE A. MORAN of THE

MORAN LAW FIRM, and respectfully requests that this Honorable Court enter an

ex parte temporary restraining order pursuant to Federal Rule of Civil Procedure

65(b) and other equitable relief against Defendants due to the violations of RESPA

and TILA as Defendant has placed an improperly inflated lien on said property

which contains fraudulent charges alleged as "escrow" charges that upon

1

investigation are not in fact escrow charges related to Plaintiff's loan.  Defendants have repeatedly changed the alleged basis for these charges, necessitating this motion to protect Plaintiff who is ready willing and able to pay off the loan upon receipt of correct, verifiable figures. In support of the motion, Plaintiff submits the accompanying memorandum, brief, exhibits, Affidavit of Plaintiff guardian and conservator Janette Curtis and states as follows:

### Summary

1.  Plaintiff Sharon Curtis, a legally incapacitated senior citizen is the proper owner of her home, for more than 28 years, and has sought an accurate payoff and accounting for over a year from the Defendants, who have failed to provide accurate figures. The "Affidavit" supplied by the Defendant **(Exhibit 1: Affidavit of Defendants (395 pages) supplied in lieu of the requested accounting)** contains thousands of dollars unexplained figures including alleged escrow disbursements that do not match tax or insurance figures verified with the Plaintiff's hazard insurance company or with State and County taxing authorities.  Further, Defendants' representatives keep changing the basis for the figures.

2. Defendants acts and practices violate RESPA and TILA, specifically 15 USC 1639(g) and 12 CFR 1026.25 as Defendants cannot provide a reconciled accounting of the loan in violation of RESPA. Required provisions related to

record retention specifically Section 1026.25(a). RESPA allows for a private right of action in such matters.

3. Specific alleged "escrow" amounts charged by the Defendant to the Plaintiff, including but not limited to, repeated charges of $317.10 driving up the payoff balance that were not disbursements to pay taxes or the Plaintiff's hazard insurance (**Exhibit 1 of Affidavit of Defendant employee Verdoreen see pages 47-49** ) Investigation remains ongoing. Plaintiff counsel has spoken with Consumer Financial Protection Bureau Attorney, Atur Desai, who confirmed that the entries as a violation and advised referral to the US Attorney Office in Detroit and State Attorney General Office. Attorney Healy at the US Attorney office requested contact to FBI for fraud. All contacts have been made and documents are to be reviewed for criminal investigation.[1]

4. Pursuant to LR 7 as well as paragraph 20 of the mortgage, Defendants were notified via their legal counsel on 10/24/23 via email (direct contact was not permissible due to pending state court litigation to Quiet Title) and again on 12/14/23 where written notice of the motion and concurrence was sought in follow up to earlier emails. However, at the time of filing there has been no

---

[1] Ocwen has a prior history of multiple instances of improper servicing and failure to properly credit loans resulting in millions of dollars in fines and a prior cease and desist order being issued from LARA in the State of MI

response nor did counsel correct the prior entries falsely represented as "escrow." **(Exhibit 3: Emails to Atty Katz)**

5. A Temporary Restraining Order (TRO) pursuant to Federal Rule 65 is proper in the instant case as the Plaintiff, handicapped (wheelchair bound) and legally incapacitated senior citizen Sharon Curtis, is in danger of immediate and irreparable harm of the loss of her property due specifically to the improper and <u>false</u> servicing entries (including falsified "escrow entries" that do not match any insurance or taxes on the loan and excessive "property inspections with multiple inspections listed on the same day) on her loan leading to the improperly inflated loan balance and thus and improper and overly inflated payoff amount is encumbering the property. **(Exhibit 2: Affidavit of Guardian and Conservator) (Exhibit 1: Affidavit of Defendant rep. Verdooren parts 1-5 due to size).** Such loss would be irreparable as Ms. Curtis' home has been constructed to accommodate her wheelchair and other specialized needs due to her handicap. Conservator is ready willing and able to pay off the lien <u>upon receipt of a correct, verifiable payoff which has not been provided</u> **(Exhibit 2: Affidavit of Guardian and Conservator).**

6. Plaintiff seeks to stay the State Court proceeding which is improperly relying upon the Defendant Affidavit. The State Court further failed to timely enter

an order.  Due to the delay, plaintiff counsel contacted the State Bar Ethics Division, prior expert counsel and the CFPB before filing the instant case confirming the appropriateness of same.

7. The Federal Anti injunction statute, 28 USC 2283, provides that a federal court may not enjoin a state court action except as specifically authorized by Act of Congress **or when necessary in aid of its jurisdiction** (**emphasis added).**

8. In the instant case, this Honorable Court has exclusive in rem jurisdiction over this property and the improper falsified lien amount due to the specific failure of Defendants to provide an accurate and timely payoff of the lien on the property in violation of TILA 15 USC 1639(g) and multiple related RESPA servicing violations.  This is critical in order to protect this legally incapacitated Plaintiff who stands to have immediate and irreparable harm of the loss of her property which has been constructed to accommodate her wheelchair and other disabilities due to these fraudulent entries inflating the payoff balance.  Plaintiff can pay the loan off in full upon receipt of an accurate, verified via an accounting payoff.

WHEREFORE, Plaintiff via her guardian and conservator, respectfully request this Honorable Court to Stay the State Court proceeding to allow for adjudication

of the entries in the Affidavit which, counsel has admitted are labeled as "escrow

when in fact, they are not escrow payments.

Respectfully submitted,

By:   _ _/s/ Valerie A. Moran_ ___
VALERIE A. MORAN (P 56498)
Attorney for Plaintiffs
28111 Couzens Ave
Madison Heights, MI  48071
Ph:  248-514-6755
Email: vmoranatty@gmail.com

Dated: December 14, 2023

6

# STATE OF MICHIGAN
## IN THE EASTERN DISTRICT OF MICHIGAN

**SHARON CURTIS**
**Via her guardian and conservator,**
**JANETTE CURTIS**
    **PLAINTIFFS**

        **Case No:** **1:23-CV-12859-TLL**
**V**         **Hon:  Thomas L. Ludington**

**DEUTSCHE BANK NATIONAL TRUST COMPANY,**
**As Trustee for Quest Trust 2005-X1, Asset Backed**
**Certificates Series 2005-X1,**
**PHH MORTGAGE CORPORATION**
**A Foreign limited liability Corp.**
**OCWEN FINANCIAL CORPORATION**
**A Foreign Limited Liability Corp.**
    **Jointly and severally**
    **DEFENDANTS**
_____/
_____/

## BRIEF AND MEMORANDUM IN SUPPORT OF
## EX PARTE TEMPORARY RESTRAINING ORDER

7

**ISSUE PRESENTED**

Whether in an action against Defendants for their violations of TILA and RESPA in failing to provide an accurate payoff and thus improperly encumbering the property with a fraudulently inflated lien, this court has jurisdiction to halt the State Court matter which is proceeding with incorrect information in the Affidavit ?

# CONTROLLING AUTHORITIES

Federal Civil Court Rule   65 …………………………………………2,4

28 USC 2283……………………………………………………………….2,5

TILA statute 15 USC 1639(g) ………………………………………..2

RESPA statute 12 USC 2601 et seq   ……………………………..2,3

12 CFR 1026.36 ( c)(3). ………………………………….…………2,3

.   *Am Civil Liberties Union Fund of Mich v …………………………..…..18*
   *Livingston Cty,* 796 F3d. 636, 642 (6th Cir. 2015)


*CFTC v Hunt,* 591 F2d 1211, 1220 (7th Circuit (1979)…………………19



*City of New York v Golden Feather ……………………………..………….19*
*Smoke Shop Inc, 597 F3d 115, 12 (2d Cir 2010).*


*E.M.A. Nationside, 767 F3d at 631; FTC v……………………………….17*
 *Int'l Computer concepts Inc. (1995)*

*Mitchum v Foster*  407US 225 (1972)………………………………..18

*SEC v Prater,* 289 F. Supp 2d 39,54 (D. Conn 2003)…………………20

# TABLE OF CONTENTS

**I.      INTRODUCTION**

**II.     THE PARTIES**

**III.    DEFENDANTS UNLAWFUL PRACTICES**


**IV.     A TEMPORARY RESTRAINING ORDER SHOULD ISSUE
         AGAINST DEFENDANTS**

**V.      TRO  SHOULD BE ISSUED EX PARTE IN LIGHT OF
         DEFENDANT'S CONDUCT.**


**VI.     CONCLUSION**

# TABLE OF AUTHORITIES

## CASES

.   *Am Civil Liberties Union Fund of Mich v Livingston Cty,* …………….18
796 F3d. 636, 642 (6th Cir. 2015)

*CFTC v Hunt,* 591 F2d 1211, 1220 (7th Circuit (1979)…………………19

*City of New York v Golden Feather Smoke Shop Inc,………………….19*
*597 F3d 115, 12 (2d Cir 2010).*

*E.M.A. Nationside, 767 F3d at 631; FTC v ………………………………….17*
*Int'l Computer concepts Inc. (1995)*

*FTC v Direct Mktg Concepts Inc*, 624 F3d 1,8 …………………….18
(1st Circuit 2010)

*Mitchum v Foster*  407US 225 (1972)…………………>>………………..18

*SEC v Prater*, 289 F. Supp 2d 39,54 (D. Conn 2003)……………….…20

## STATUTES

Federal Civil Court Rule   65…………………………………………..2,4

28 USC 2283…………………………………………………………….2,5

TILA statute 15 USC 1639(g)………………………………………….2

RESPA statute 12 USC 2601 et seq   …………………………………2,3

12 CFR 1026.36 ( c)(3). ………………………………………………2,3

## I.    INTRODUCTION

The Plaintiff, Sharon Curtis is a handicapped (wheelchair bound) and legally

incapacitated senior citizen.  Plaintiff, Janette Curtis, is her legal guardian and

conservator. This instant case is the issue of Defendant's liability for failing to

provide an accurate and timely payoff in violation of 15 USC 1639(g) and

RESPA violations.  As a direct result of the Defendants federal violations, the

property has been encumbered with an inflated lien. Specifically, the imposition of

a fee or charge that the servicer lacks a reasonable basis to impose ( alleged escrow

charges ) and failure to provide an accurate payoff balance amount upon

borrower's request in violation of 12 CFR 1026.36 ( c)(3).  Jurisdiction is proper in

this Honorable Court for both this action and the TRO as the Stay is necessary to

allow this Honorable Court to adjudicate this matter which is squarely based in

Federal Law and is an in rem proceeding.  The Plaintiff faces immediate and

irreparable harm if the matter is not stayed.

## II.    THE PARTIES

### A. PLAINTIFFS

Plaintiff, Sharon Curtis is a legally incapacitated and disabled senior citizen

(wheelchair bound).  Her daughter, Plaintiff Janette Curtis is her legal guardian

and conservator.

### B. DEFENDANTS

DEUTSCHE BANK NATIONAL TRUST COMPANY, As Trustee for Quest Trust 2005-X1, Asset Backed Certificates Series 2005-X1, is the trustee who upon information and belief currently holds the loan paper and is a subsidiary of Deutsche Bank Holdings, Inc.

PHH MORTGAGE CORPORATION is a foreign limited liability Corp. and a subsidiary of Ocwen Financial Corporation.

OCWEN FINANCIAL CORPORATION is Foreign Limited Liability Corp. and one of the largest residential mortgage servicers in the United States. Ocwen has also been one of the most fined residential mortgage Servicers in the United States.

### III.   DEFENDANTS UNLAWFUL PRACTICES

Defendants, as shown herein have repeatedly made falsified entries into the Plaintiff's mortgage servicing account charging her for non existent charges, thus illegally and improperly inflating the loan balance and improperly encumbering the property. Additionally, and also illegally increasing the loan balance, Defendant purports to have made multiple property inspections on the same day in violation of both RESPA and TILA as the mortgage contract allows for only "reasonable fees." Charging such fees immediately one after the other and, multiple inspections in one day are not reasonable and most certainly fraudulent. Specifically:

**Page 39 of Defendants Affidavit:**

03/25/13      Property Inspection fee charged       $10.50

**Page 60 of Defendants Affidavit:**

03/26/13      Property Inspection fee charged       $10.50

**Page76 of Defendants Affidavit:**

4/17/13 Property inspection received

**Page 39 of Defendants Affidavit:**

05/02/13      Property Inspection fee charged       $10.50

**Page 78 of Defendants Affidavit:**

(Property inspection fee accessed $10.50 comment 5/3/13 event 5/2/13)

**Page 79 of Defendants Affidavit:**

 (Property inspection fee required 5/10/13)

 (Property inspection fee ordered 5/10/13)

 (Property inspection received 5/14/13 )


**Page 80 of Defendants Affidavit:**

( Found "occupied" Inspection results submitted on 5/13/22 "Occupancy status vis verified by visual")

**Page 39 of Defendants Affidavit:**

05/17/13      Property Inspection fee charged       $10.50

**Page 80 of Defendants Affidavit**

 (Property Inspection fee accessed $10.50 Date 5/23/13 event 5/22/13)

**Page 114 of Defendants Affidavit**

 (property found occupied per inspection results submitted 6/25/13)

14

**Page 111 of Defendants Affidavit**

 (Property inspection received 6/26/13)

**Page 39 of Defendants Affidavit:**

07/01/13     Property Inspection fee charged     $10.50

07/11/13     Property Inspection fee charged     $10.50

08/12/13     Property Inspection fee charged     $10.50

**Page 130 of Defendants Affidavit:**

 (Property Inspection Fee Assessed AMOUNT 10.50)

09/04/13     Property Inspection fee charged     $10.50

09/04/13     Property Inspection fee charged     $10.50

09/04/13     Property Inspection fee charged     $10.50

09/04/13     Property Inspection fee charged     $10.50

09/04/13     Property Inspection fee charged     $10.50

09/04/13     Property Inspection fee charged     $10.50

09/04/13     Property Inspection fee charged     $10.50


**Page 40 of Defendants Affidavit:**

09/10/13     Property Inspection fee charged     $10.50

10/02/13     Property Inspection fee charged     $10.50

**Page 41 of Defendants Affidavit:**

06/15/16     Property Inspection fee charged     $13.25

08/22/16     Property Inspection fee charged     $13.25

09/28/16     Property Inspection fee charged     $13.25

10/19/16     Property Inspection fee charged     $13.25

**Page 42 of Defendants Affidavit:**

| | | |
|---|---|---|
| 11/28/16 | Property Inspection fee charged | $13.25 |
| 12/28/16 | Property Inspection fee charged | $13.25 |
| 01/27/17 | Property Inspection fee charged | $13.25 |
| 02/14/17 | Property Inspection fee charged | $00.64 |
| 03/09/17 | Property Inspection fee charged | $13.25 |
| 03/09/17 | Property Inspection fee charged | $13.25 |
| 03/09/17 | Property Inspection fee charged | $12.61 |
| 03/09/17 | Property Inspection fee charged | $01.53 |
| 04/20/17 | Property Inspection fee charged | $13.25 |
| 04/20/17 | Property Inspection fee charged | $11.72 |

**Page 43 of Defendants Affidavit:**

| | | |
|---|---|---|
| 04/23/18 | Property Inspection fee charged | $14.50 |
| 06/25/18 | Property Inspection fee charged | $14.50 |
| 07/20/18 | Property Inspection fee charged | $14.50 |
| 08/20/18 | Property Inspection fee charged | $14.50 |

**Page 44 of Defendants Affidavit:**

| | | |
|---|---|---|
| 03/14/19 | Property Inspection fee charged | $14.50 |
| 04/11/19 | Property Inspection fee charged | $14.50 |
| 04/11/19 | Property Inspection fee charged | $14.50 |
| 04/11/19 | Property Inspection fee charged | $14.50 |
| 04/11/19 | Property Inspection fee charged | $13.25 |
| 04/11/19 | Property Inspection fee charged | $13.25 |
| 04/11/19 | Property Inspection fee charged | $14.50 |

04/11/19      Property Inspection fee charged        $14.50

**Pages 47-48 of Defendant's Affidavit:**

Repeated falsified "escrow" entries for $317.10 which do not match taxes or insurance on the property and which counsel has admitted (but refused to correct) are in fact, Defendant's own policy.  This is not a valid escrow charge to the plaintiff.

**Pages 63 and 65 of Defendants Affidavit:**

References property preservation visual inspection submitted on 3/15/13.  Where is this charge?

Defendant has made material and deceptive misrepresentations to this very vulnerable consumer.  A "material misrepresentation" is one that is likely to affect a consumer's decisions."  When considering whether a claim is deceptive the Court must consider the "net impression" created by the representation. *E.M.A. Nationside, 767 F3d at 631; (1995)*   **(Exhibit 1 Affidavit of Defendant rep part s 1-5)**

A representation is also deceptive if the maker of the representations lacks a reasonabl basis for the claim. *FTC v Direct Mktg Concepts Inc*, 624 F3d 1,8 (1st Circuit 2010)

Where the maker lacks substantiation evidence they necessarily lack any reasonable basis for their claims.  In the instant case, the above entries are falsely listed without any legal basis. **(Exhibit: 2283Homeowners Insurance invoice).**

**IV A TEMPORARY RESTRAINING ORDER SHOULD ISSUE AGAINST**

17

DEFENDANTS

## A. This Court has the Authority to Grant the Requested Relief

The law is clear that while pursuant to 28 USC 2283, a court may not grant an injunction to stay proceedings in State Court, the statute also provide specific criteria when it is necessary to aid in its jurisdiction.  This is the case in the instant matter

Specifically, *Mitchum v Foster* 407 US 225, (1972) specifically has held that a state court may in fact issue a TRO and preliminary injunction when necessary to aid in its jurisdiction.  This includes in rem actions.  In the instant case, the Defendants have fraudulently increase the loan balance and thus improperly inflated the lien improperly encumbering the property.

## B. Plaintiff meets the standard for Preliminary Injunctive Relief

In deciding whether to issue a temporary restraining order, a District court must weigh the same factors as for a preliminary injunction: (1) the likelihood of success on the merits, (2) the irreparable injury, (3) whether the injunction would cause substantial harm to others (balance of equities) NS (4) public interest. *Am Civil Liberties Union Fund of Mich v Livingston Cty,* 796 F3d. 636, 642 (6th Cir. 2015)

In the instant case, Plaintiff meets are four criteria.  Specifically:

First, Plaintiff has a strong likelihood of prevailing on the merits: As documentation clearly demonstrates that the alleged charges in the Affidavit

provided in lieu of an accounting are not correct and thus unauthorized as the "escrow " does not match taxes or insurance.  Further, the alleged inspections, which show multiple inspections in a short time period and even seven inspections in a single day are excessive, and most likely fraudulent.

Second, <u>Plaintiff faces serious and immediate irreparable harm</u>: As this inflated fraudulent amount in the affidavit in lieu of an accounting has preventing Plaintiff from paying off the property.  Further, the figures are a clear statutory violation. There is a "presumption of irreparable hard where there is a statutory violation." *City of New York v Golden Feather Smoke Shop Inc, 597 F3d 115, 12 (2d Cir 2010).*

Third, <u>when reviewing the balance of equities, it is clear that the court should grant the TRO as</u>: Preserving the status quo until such time as this Honorable Court has had an opportunity to adjudicate the appropriateness of the charges in the affidavit using to lien the property, and the protection of this vulnerable consumer from Defendant's unlawful acts weighs heavily in favor of an injunction. It is a matter of national news and public record Ocwen has a strong history of such violations and past history of illegal conduct is highly suggestive of future violations. *CFTC v Hunt,* 591 F2d 1211, 1220 (7th Circuit (1979).

Forth, <u>the public interest weighs in favor or injunctive relief</u> as the public interest in ensuring the enforcement of consumer protection is very strong.  This case is yet

another matter in which Ocwen (now via their subsidiary PHH) is seeking to improperly lien a residential home with falsified figures.  These Defendants have a pattern and practice of this conduct.  There is a strong public interest in halting illegal conduct and preserving evidence and not improperly divesting citizens of their property. This far outweighs any interest Defendants may have.  Moreover, where, as here a defendant's conduct reflects systematic wrongdoing rather than mere  incidental violations, it presents strong grounds for the issuance of a preliminary injunction. *SEC v Prater*, 289 F. Supp 2d 39,54 (D. Conn 2003).

## V. THE SCOPE OF THE PROPOSED *EX PARTE* TRO IS APPROPRIATE IN LIGHT OF DEFENDANT'S CONDUCT

As the evidence herein clearly shows, the Plaintiff has a very strong likelihood of prevailing on the merits and has herein included evidence demonstrating that the alleged "escrow" charges are incorrect and further that the property preservation charges are excessive and most likely fraudulent as it is highly unlikely that seven inspections were completed in one day.  Further, the imminent loss of Plaintiff's property demonstrates the irreparable loss that Plaintiff is facing.  It is especially urgent as Plaintiff is a disabled senior citizen and this property has been remodeled to accommodate her wheelchair.  Clearly irreparable harm exists and the balance of equities strongly favors the public interest of granting the TRO and preserving the status quo.

**CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that the TRO and

preliminary injunction be ordered.  Defendant's illegal conduct should not be

rewarded at the expense of a vulnerable, legally incapacitated senior citizen.


WHEREFORE, Plaintiff via her guardian and conservator, respectfully request

this Honorable Court to Stay the State Court proceeding to allow for adjudication

of the entries in the Affidavit which, counsel has admitted are labeled as "escrow

when in fact, they are not escrow payments which will allow Plaintiffs to payoff

the loan and save Plaintiff from irreparable harm.


Respectfully submitted,

By:   __/s/ Valerie A. Moran____
VALERIE A. MORAN (P 56498)
Attorney for Plaintiffs
28111 Couzens Ave
Madison Heights, MI  48071
Ph:  248-514-6755
Email: vmoranatty@gmail.com


Dated: December 14, 2023