UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON CURTIS and JANETTE CURTIS,

        Plaintiffs,                        Case No. 1:23-cv-12859

v.                                    Honorable Thomas L. Ludington
                                    United States District Judge

PHH MORTGAGE CORPORATION, et al,

        Defendants.

_____/

**ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY
RESTRAINING ORDER**

Plaintiffs Sharon and Janette Curtis seek a temporary restraining order to enjoin state-court proceedings related to real property they own in Harrison, Michigan, arguing this Court has *in rem* jurisdiction over the property in light of Plaintiffs' federal case in which they allege Defendants— the mortgagee and two mortgage-loan servicers—violated the Real Estate Settlement Procedures Act and the Truth in Lending Act. But Plaintiffs' action in this Court is not *in rem*, so the relief they seek—an order staying state-court proceedings—is barred by the Anti-Injunction Act. Accordingly, their Motion will be denied.

**I.**

Plaintiff Sharon Curtis owns real property in Harrison, Michigan. ECF No. 1 at PageID.2. Her daughter, Plaintiff Janette Curtis, is Sharon's guardian and conservator. *Id.* at PageID.3.

On November 9, 2023, Sharon and Janette sued Defendants PHH Mortgage Corporation, Ocwen Financial Corporation, and Deautsche Bank National Trust Company as Trustee for Quest Trust 2005-XI, alleging they violated the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA). ECF No. 1 at PageID.4–6. According to Plaintiffs, Sharon has

"sought an accurate payoff and accounting for over a year" from Defendants, and Defendants have "failed to provide accurate figures." *Id.* at PageID.2. Defendants' accounting, according to Plaintiffs, "contains thousands of dollars [of] unexplained figures[,] including alleged escrow disbursements that do not match tax or insurance figures and Defendants' representatives keep changing the basis for the figures." *Id.*

Importantly, there is "pending state court litigation to Quiet Title" of Plaintiffs' Property. ECF No. 1 at PageID.5. Although Plaintiffs did not provide additional details about the pending state-court proceeding, it appears form this Court's review of Plaintiffs' pleadings and exhibits that the state-court proceeding is ongoing in Clare County Circuit Court, and it involves the same Plaintiffs and the same Defendants as the case here. *See* ECF No. 3-2 at PageID.428. Additionally, it appears that Defendants filed an Affidavit in the state-court proceeding addressing the accounting of Plaintiffs' mortgage loan. *Id.* Plaintiffs allege that the state court is "improperly relying upon the Defendant[s'] Affidavit." ECF No. 3 at PageID.406.

On December 18, 2023, Plaintiffs filed an Ex Parte Motion for a Temporary Restraining Order. ECF No. 3. They seek a court order staying proceedings in the state court "to allow for adjudication of the entries in the Affidavit . . . which will allow Plaintiffs to payoff the loan and save Plaintiff[s] from irreparable harm." *Id.* at PageID.423.

## II.

Under the Anti-Injunction Act, federal courts may not grant injunctions to stay state-court proceedings unless one of "three specifically defined exceptions" applies. *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286, (1970); *see also* 28 U.S.C. § 2283. Under the Act, a federal court may grant such an injunction only if it is (1) expressly authorized by Congress; (2) "necessary in aid of its jurisdiction;" or (3) to protect or effectuate its judgment. 28

U.S.C. § 2283. The Act's "message is one of respect for state courts," namely that they should "remain free from interference by federal courts." *Smith v. Bayer Corp*, 564 U.S. 299, 306 (2011) (citation omitted). As a result, its exceptions "are narrow" and should not "be enlarged by loose statutory construction." *Id.* (citations omitted).

The second exception—"necessary in aid of its jurisdiction"—applies in two circumstances: (1) when the case is removed from state court; or (2) where the federal court has *in rem* or *quasi in rem* jurisdiction over specific property. *Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC*, 38 F.4th 501, 508 (6th Cir. 2022).

## III.

Plaintiffs allege that an injunction staying their state-court proceedings is "necessary in aid of [this Court's] jurisdiction" because this Court "has exclusive in rem jurisdiction over this property and the improper falsified lien amount due to the specific failure of Defendants to provide an accurate and timely payoff of the lien on the property" in violation of RESPA and TILA. ECF No. 3 at PageID.407. But Plaintiffs are mistaken.

Plaintiff's suit in this Court is not *in rem* or *quasi in rem* such that it would be excepted from the Anti-Injunction Act's prohibition on enjoining state court proceedings under the "necessary in aid of its jurisdiction" exception. 28 U.S.C. § 2283. Plaintiffs' Complaint alleges two statutory claims for money damages under RESPA and TILA, and these claims do not directly implicate the property at issue in the state-court proceeding. *See Lech v. Third Fed. Sav. & Loan Ass'n of Cleveland*, No. 2:13-CV-518, 2013 WL 6843062, at *4 (S.D. Ohio Dec. 27, 2013), report and recommendation adopted, No. 2:13-CV-518, 2014 WL 184402 (S.D. Ohio Jan. 14, 2014) (finding a plaintiff did not ask a federal court to exercise *in rem* or *quasi in rem* jurisdiction by bringing "statuary claims for purely money damages under RESPA and TILA."). True, Plaintiffs'

claims in this Court appear to be *related to* the state-court proceeding, but that is not enough for the "in aid of its jurisdiction" exception to apply. *See Kay Co., LLC v. Equitable Prod. Co.*, 27 F.4th 252, 261 (4th Cir. 2022) (holding that for the "in aid of its jurisdiction" exception to apply, movant must show more than just the state-court proceeding is related to the subject matter upon which the federal court has retained jurisdiction); *Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC*, 38 F.4th 501, 510–11 (6th Cir. 2022) (acknowledging that although it "may be more efficient for [a] district court to oversee [a] case without a concurrent state-court action," the law allows injunctions on state-court proceedings "only for *necessity*, not simply for efficiency." (emphasis in original)). In sum, this Court may not grant an injunction to stay Plaintiffs' state-court proceeding, so Plaintiff's Motion for a TRO will be denied.

And even *if* the "necessary in aid of its jurisdiction" exception applied (it does not), Plaintiffs have not shown that their alleged irreparable injury—that the "inflated and fraudulent amount in the affidavit in lieu of an accounting" will "prevent[] Plaintiff[s] from paying off the property," ECF No. 3 at PageID.421—"*will result* to [them] *before* the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A) (emphasis added); *see also Hacker v. Fed. Bureau of Prisons*, 450 F. Supp. 2d 705, 710 (E.D. Mich. 2006) ("A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm *during the time required to give notice* to the opposite party or where *notice itself may precipitate the harm*." (emphasis added)). Indeed, it is not clear to this Court from Plaintiffs' Motion, ECF No. 3, or Affidavit, ECF No. 3-1, *how* such harm would occur, let alone *when* it would occur. Thus, even if this Court could grant the relief Plaintiffs seek, Plaintiffs have not satisfied the first procedural requirement of providing a detailed affidavit or verified complaint that clearly demonstrates the need for *immediate action* to avoid irreparable harm, so their Motion

would still be denied. *See Moore v. U.S. Ctr. for SafeSport*, No. 1:23-CV-11681, 2023 WL 4919649, at *4 (E.D. Mich. Aug. 1, 2023) (denying motion for temporary restraining order because Civil Rule 65(b)(1) was not satisfied) (collecting cases).

**IV.**

Accordingly, it is **ORDERED** that Plaintiffs' Ex Parte Motion for Temporary Restraining Order, ECF No. 3, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: December 19, 2023                          s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge