# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

SHARON CURTIS,
via her guardian and conservator,
JANETTE CURTIS,

      Plaintiffs,   Case No. 1:23-cv-12859-TLL

vs.   Honorable Thomas L. Ludington
U. S. District Court Judge

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for Quest
Trust 2005-X1, Asset Backed Certificates
Series 2005-X1; PHH MORTGAGE
CORPORATION, a foreign limited
liability corp.; OCWEN FINANCIAL
CORPORATION, a foreign limited
liability corp., jointly and severally,

      Defendants.

---

| | |
|---|---|
| Valerie A. Moran | Erin R. Katz (P71604) |
| **D/B/A THE MORAN LAW FIRM** | **DYKEMA GOSSETT PLLC** |
| *Attorney for Plaintiffs* | *Attorneys for Defendants* |
| 25 Louck Street, #19 | 39577 Woodward Avenue, Suite 300 |
| Oxford, MI 48371 | Bloomfield Hills, MI 48304 |
| (248) 514-6755 | (248) 203-0761 |
| vmoranatty@gmail.com | ekatz@dykema.com |

---

## **DEFENDANT'S MOTION TO DISMISS**

      Defendants Deutsche Bank National Trust Company, as Trustee for Quest

Trust 2005-X1, Asset Backed Certificates Series 2005-X1 (the "Trustee"), PHH

Mortgage Corporation ("PHH"), and Ocwen Financial Corporation

("Ocwen")(collectively "Defendants"), by their attorneys Dykema Gossett PLLC, move dismissal pursuant to Fed. R. Civ. P. 12(b)(1) with respect to Plaintiff Sharon Curtis' and Plaintiff Janette Curtis' Complaint. As further discussed in the attached brief, this Court should decline to exercise subject matter jurisdiction where the pending concurrent state action is actually parallel and exceptional circumstances require abstention exist.

In support of their motion, Defendants rely on the accompanying brief and exhibits.

In accordance with E.D. Mich. LR 7.1(a), counsel for Defendants was unable to conduct a conference due to Plaintiff's counsel's immediate withdrawal due to disciplinary action of the State Bar of Michigan. Defendants' counsel did not contact Plaintiffs directly as they have not indicated they will proceed in pro per or by retaining counsel.

WHEREFORE, Defendants respectfully request this Court grant their Motion; dismiss Plaintiffs' Complaint with prejudice; award Defendants' their costs and fees, including attorneys fees, incurred in having to defend this action; and grant Defendants any such other relief as the Court deems necessary or appropriate.

                                      Respectfully submitted,

                                      DYKEMA GOSSETT PLLC

Dated: January 26, 2024       By: */s/ Erin R. Katz*
                                         Erin R. Katz (P71604)
                                         **DYKEMA GOSSETT PLLC**
                                         *Attorneys for Defendants*
                                         39577 Woodward Avenue, Suite 300
                                         Bloomfield Hills, MI 48304
                                         (248) 203-0761
                                         ekatz@dykema.com

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON CURTIS,
via her guardian and conservator,
JANETTE CURTIS,

      Plaintiffs,   Case No. 1:23-cv-12859-TLL

vs.   Honorable Thomas L. Ludington
U. S. District Court Judge

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for Quest
Trust 2005-X1, Asset Backed Certificates
Series 2005-X1; PHH MORTGAGE
CORPORATION, a foreign limited
liability corp.; OCWEN FINANCIAL
CORPORATION, a foreign limited
liability corp., jointly and severally,

      Defendants.

| | |
|---|---|
| Valerie A. Moran | Erin R. Katz (P71604) |
| **d/b/a The Moran Law Firm** | **Dykema Gossett PLLC** |
| *Attorney for Plaintiffs* | *Attorneys for Defendants* |
| 25 Louck Street, #19 | 39577 Woodward Avenue, Suite 300 |
| Oxford, MI  48371 | Bloomfield Hills, MI 48304 |
| (248) 514-6755 | (248) 203-0761 |
| vmoranatty@gmail.com | ekatz@dykema.com |

**DEFENDANTS' BRIEF IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... iii

STATEMENT OF ISSUES PRESENTED................................................................v

CONTROLLING AND MOST APPROPRIATE AUTHORITY ............................vi

I. INTRODUCTION ...........................................................................................1

II. FACTS .............................................................................................................1

    A. The Mortgage Loan, Plaintiff's Default, and the Foreclosure. .............1

    B. The State Court Action..........................................................................2

    C. This Litigation. .....................................................................................3

III. LAW AND ARGUMENT...............................................................................4

    A. Fed. R. Civ. P. 12(b)(1). .......................................................................4

    B. This Court Should Exercise Abstention Over Plaintiffs' Claims. ........5

        1. The State and Federal Proceedings Are Parallel..........................6

        2. The Colorado River Factors Weight In Favor of Abstention. ....6

IV. CONCLUSION................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allen v. Wright*,
  468 U.S. 737 (1984)..................................................................................................4

*Bates v. Van Buren Twp.*,
  122 F. App'x 803 (6th Cir. 2004) ...........................................................................8

*Cass River Farms, LLC v. Hausbeck Pickle Co.*,
  2016 U.S. Dist. LEXIS 141048 at *6 (E.D. Mich. Oct. 12, 2016).......................7

*Colorado River Water Conservation District v. United States*,
  424 U.S. 800 (1976)............................................................................................4, 7

*Healthcare Co. v. Upward Mobility, Inc.*,
  784 F App'x 390 (6th Cir. 2019)...........................................................................8

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*,
  342 U.S. 180 (1952).................................................................................................9

*King v. IB Property Holdings Acquisition*,
  635 F. Supp. 2d 651 (E.D. Mich. 2009) .........................................................4, 5

*Martinez v. Dep't of Homeland Security*,
  502 F. Supp. 2d 631, 634 (E.D. Mich. 2007) .......................................................4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983).....................................................................................................7

*Ohio Nat'l Life Ins. Co. v. United States*,
  922 F.2d 320 (6th Cir. 1990) ..................................................................................4

*Preferred Care of Delaware, Inc. v. VanArsdale*,
  676 F. App'x 388 (6th Cir. 2017) ..........................................................................8

*Rogers v. Stratton Indus.*,
  708 F.2d 913 (6th Cir. 1986) ..................................................................................4

*Romine v. Compuserve Corp.*,
  160 F.3d 337 (6th Cir. 1998) ...............................................................5, 6, 7, 8

*Ward v. Alternative Health Delivery Systems, Inc.*,
 261 F.3d 624 (6th Cir. 2001) .................................................................................4

**Statutes**

12 U.S.C. § 2600 ........................................................................................................1

15 U.S.C. § 1601 ........................................................................................................1

M.C.L. § 600.3201 .....................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ........................................................................................vi, 4

Fed. R. Evid. 408 .......................................................................................................3

## STATEMENT OF ISSUES PRESENTED

I. Whether Plaintiffs' Complaint should be dismissed where the pending concurrent state action is actually parallel and exceptional circumstances require abstention exist.

    Defendants answer: Yes

    Plaintiffs would answer: No

    This Court should answer: Yes

## **CONTROLLING AND MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 12(b)(1); *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976).

**I.     INTRODUCTION**

This litigation involves Plaintiff Sharon Curtis' and Plaintiff Janette Curtis' (collectively "Plaintiffs") allegations that Deutsche Bank National Trust Company, as Trustee for Quest Trust 2005-X1, Asset Backed Certificates Series 2005-X1 (the "Trustee"), PHH Mortgage Corporation ("PHH"), and Ocwen Financial Corporation ("Ocwen")(collectively "Defendants") violated the Real Estate And Settlement Procedures Act, 12 U.S.C. § 2600, *et al.* ("RESPA") and the Truth in Lending Act, 15 U.S.C. § 1601, *et al.* ("TILA"). However, this case must be dismissed where there is a parallel state court action that will necessarily decide the disputes form the basis of Plaintiffs' Complaint.

Accordingly, this Court should grant Defendants' Motion, enter an order dismissing Plaintiffs' Complaint with prejudice, and awarding Defendants' their costs and fees, including attorney fees for having to defend against this action.

**II.    FACTS**

    **A.    The Mortgage Loan, Plaintiff's Default, and the Foreclosure.**

On or about August 12, 2004, Plaintiff Sharon Curtis and Neal Curtis obtained a $59,700.00 loan from Ameriquest Mortgage Company (the "Loan"). As security for the Loan, Plaintiff Sharon Curtis and Neal Curtis granted the lender a mortgage (the "Mortgage") encumbering the Property. The Trustee is the current mortgagee through a series of assignments. PHH is the servicer of the Mortgage.

1

Plaintiff Sharon Curtis defaulted pursuant to the terms of the Note and Mortgage by failing to make each and every payment as they came due. After a series of loan modifications, Plaintiff Sharon Curtis was entered into a Temporary Repayment Agreement ("Repayment Agreement") because she had fallen behind on the Loan payments. Plaintiff Sharon Curtis failed to timely make the May 1, 2019 and breached the Agreement.

Due to Plaintiff Sharon Curtis's default under the terms of the Note and Mortgage, the Trustee initiated foreclosure proceedings pursuant to the power of sale contained in the Mortgage and M.C.L. § 600.3201, *et seq*. The Sheriff's Sale occurred on December 4, 2020, and the Trustee purchased the Property. The redemption period expired on June 4, 2020 and no redemption was made.

### B. The State Court Action.

On February 14, 2020, Plaintiffs filed a lawsuit in Claire County Circuit Court. *See* Complaint (exhibits omitted), attached as **Exhibit A.** The Complaint was removed to the U.S. District Court for Eastern District of Michigan, Case No. 20-10609. The U.S. District Court Judge remanded the state court claims to the Clare County Circuit Court but retained jurisdiction over a RESPA claim. On November 6, 2020, this Court issued a detailed opinion and order dismissing Plaintiffs' RESPA claim.

On or about August 24, 2021, Plaintiffs filed an Amended Complaint with the Claire County Circuit Court containing the following counts: (1) demand for accounting, (2) quiet title, (3) common law and statutory slander of title, (4) breach of contract, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) fraudulent misrepresentation, (8) innocent misrepresentation, and (9) exemplary damages. *See* First Amended Complaint, attached as **Exhibit B.** Following two separate dispositive motions, Plaintiffs' remaining claims in the Claire County Circuit Court are: (1) demand for accounting and (2) quiet title. *See* Orders of Claire County Circuit Court, attached as **Exhibit C.** A "demand for accounting" necessarily requires a determination of loan balance, including all escrow advances and application of payments. Ex. B, pp. 10-11.

### C. <u>This Litigation.</u>

On November 9, 2023, Plaintiffs' filed this litigation alleging violations of RESPA and TILA. [Dkt. 1.] The purported basis for their claims are statements from the Affidavit of Benjamin Verdooren – a document submitted during mediation in the state court action and thus inadmissible pursuant to Fed. R. Evid. 408. [Dkt. 1-4.]

3

Plaintiffs allege that escrow charges were not appropriate and Defendants "inflated" the loan balance. [Dkt. 1, PgID 5.] Plaintiffs seek "accurate payoff figures" for the Loan. [Dkt. 1, PgID 7.]

### III. LAW AND ARGUMENT

#### A. Fed. R. Civ. P. 12(b)(1).

A party's lack of standing to prosecute a claim subjects a complaint to dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See e.g., Allen v. Wright*, 468 U.S. 737 (1984)*; Ward v. Alternative Health Delivery Systems, Inc.*, 261 F.3d 624, 626 (6th Cir. 2001). Federal Rule of Civil Procedure 12(b)(1) provides for a motion to dismiss for lack of subject matter jurisdiction. To survive a 12(b)(1) motion, a plaintiff has the burden of proving jurisdiction. *See Martinez v. Dep't of Homeland Security*, 502 F. Supp. 2d 631, 634 (E.D. Mich. 2007) (*citing Rogers v. Stratton Indus.*, 708 F.2d 913, 915 (6th Cir. 1986)). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *King v. IB Property Holdings Acquisition,* 635 F. Supp. 2d 651, 656 (E.D. Mich. 2009) (citations omitted). A facial attack goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is "a challenge to the factual existence of subject

matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *King,* 635 F. Supp. 2d at 656. "In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings." *Id.* at 656-657 (citations omitted).

### B. This Court Should Exercise Abstention Over Plaintiffs' Claims.

The *Colorado River* abstention doctrine is premised on "considerations of judicial economy and federal-state comity." *Romine v. Compuserve Corp.,* 160 F.3d 337, 339 (6th Cir. 1998). The doctrine recognizes that although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them, considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Id*. (*quoting Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976)).

A *Colorado River* analysis has two steps. First, this Court must determine whether the state and federal proceedings are parallel. *Id.* If they are not parallel, this Court should not abstain. If they are parallel, this Court must weigh the eight Colorado River factors to determine whether abstention is merited. *Id.* at 340-41.

### 1. The State and Federal Proceedings Are Parallel.

When applying the *Colorado River* doctrine, "exact parallelism is not required; [i]t is enough if the two proceedings are substantially similar." *Romine,* 160 F.3d at 340 (internal citation omitted). Further, where the federal claims were "predicated on the same allegations as to the same material facts . . . the actions must be considered 'parallel' for the purposes of the *Colorado River* abstention doctrine." *Id.*

Here, the state and federal proceedings are parallel. The parties to both actions are identical. Further, the federal claims arise out of the same material facts as the state court action – specifically, whether the escrow charges appearing on Plaintiff Sharon Curtis' account were appropriate. This is the exact issue to be determined by the state court when addressing Plaintiffs' accounting claim. As such, the state and federal proceedings are parallel.

### 2. The Colorado River Factors Weight In Favor of Abstention.

Because the proceedings are parallel, this Court must consider the eight *Colorado River* factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation . . . (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative

>progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Romine,* 160 F.3d at 340-41 (internal citations omitted). These factors do not constitute "a mechanical checklist." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983). Rather, courts should "careful[ly] balanc[e] . . . the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.*

Here, only the fifth factor weighs against abstention because the source of governing law are federal statutes. [Dkt. 1]. Indeed, Plaintiffs' claims are framed as violations of RESPA and TILA. *Id.*

***The remaining seven factors weigh in favor of abstention.*** Regarding the first factor, the state court has assumed jurisdiction over the real property that forms the basis of this litigation. Regarding the second factor, this Court is located in Bay City rather than Harrison – approximately 64 miles away from the real property at issue and Plaintiff Sharon Curtis' residence.

Regarding the third factor, the state court will necessarily address the charges at issue, their validity, and their legality because determination of the accounting claim requires it. If both actions were permitted to go forward, two courts would be adjudicating the same legal issue – the classic piecemeal litigation situation. *See e.g., Cass River Farms, LLC v. Hausbeck Pickle Co.,* 2016 U.S. Dist. LEXIS 141048 at *6 (E.D. Mich. Oct. 12, 2016) ("If the Court were to exercise

7

jurisdiction, the contracts between the parties would be interpreted twice and potentially in contradictory ways. That result would not only waste of judicial resources, but it would also harm the legitimacy of the court system." (*quoting Romine,* 160 F.3d at 341))(attached as **Exhibit D).**

The fourth factor weighs heavily in favor of abstention, because the state suit was filed on February 14, 2020 – more than three years before the instant case. *Bates v. Van Buren Twp.,* 122 F. App'x 803, 807 (6th Cir. 2004). The sixth factor weighs in favor of abstention because, despite Plaintiffs' allegations, there is no legitimate reason the state court is not adequate to adjudicate this dispute. Complex litigation does not render a state court inadequate to hear a dispute. *Healthcare Co. v. Upward Mobility, Inc.,* 784 F App'x 390, 396 (6th Cir. 2019). Finally, the eighth factor weighs in favor of abstention because there is no exclusive federal jurisdiction over the statutory claims rather both courts have concurrent jurisdiction. *Preferred Care of Delaware, Inc. v. VanArsdale,* 676 F. App'x 388, 397 (6th Cir. 2017) ( ("[T]he presence of concurrent jurisdiction . . . counsels in favor of abstention.").

The weight of these factors is in favor of abstention. Abstention is further warranted because the driving principle of *Colorado River* abstention is "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River,* 424 U.S. at 817 (*quoting*

8

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183 (1952)). Where, as here, the only issue in the federal litigation will be decided by a state proceeding that was filed first and is much further along as the federal proceeding,[1] to hold otherwise would contravene the spirit of the *Colorado River* doctrine.

## IV. CONCLUSION

This Court should apply the *Colorado River* abstention doctrine as the state and federal claims are parallel and where the factors weight heavily in favor abstention.

WHEREFORE, Defendants respectfully request this Court grant their Motion; dismiss Plaintiffs' Complaint with prejudice; award Defendants' their costs and fees, including attorneys fees, incurred in having to defend this action; and grant Defendants any such other relief as the Court deems necessary or appropriate.

---

[1] A bench trial in the state court proceeding was scheduled to begin January 29, 2024, however, it was adjourned due to Ms. Moran's immediate withdrawal as counsel on January 26, 2024.

9

Respectfully submitted,

DYKEMA GOSSETT PLLC

Dated: January 26, 2024

By: */s/ Erin R. Katz*
Erin R. Katz (P71604)
**DYKEMA GOSSETT PLLC**
*Attorneys for Defendants*
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0761
ekatz@dykema.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

      By: */s/ Erin R. Katz*
      Erin R. Katz (P71604)
      **DYKEMA GOSSETT PLLC**
      *Attorneys for Defendants*
      39577 Woodward Avenue, Suite 300
      Bloomfield Hills, MI 48304
      (248) 203-0714
      ekatz@dykema.com