# EXHIBIT A

## STATE OF MICHIGAN

## IN THE CLARE COUNTY CIRCUIT COURT

SHARON CURTIS
JANETTE CURTIS
    PLAINTIFFS

V

DEUTSCHE BANK NATIONAL TRUST COMPANY,
As Trustee for Quest Trust 2005-X1,
Asset Backed Certificates Series 2005-X1,
OCWEN LOAN SERVICING, LLC
A Foreign Limited Liability Corp.
PHH MORTGAGE SERVICES, LLC
A foreign Profit Corp.
NEW REZ, LLC
A Foreign Limited Liability Corp.
    Jointly and severally
    DEFENDANTS
_____/

Case No: 20-900095-CH
Hon: Thomas R. Evans

VALERIE A. MORAN (P 56498)
THE MORAN LAW FIRM, PLLC
Attorney for Plaintiffs
24500 Northwestern Hwy Suite 204
Southfield, MI 48075
O: 248-291-4528  C: 248-514-6755
_____/

There is no other civil action resolved or pending arising out of the same transaction or occurence alleged in this complaint.

Valerie A. Moran Attorney (P 56498)

## COMPLAINT AND REQUEST FOR EMERGENCY RELIEF

NOW COME the Plaintiffs, SHARON CURTIS and JANETTE CURTIS by and through

1

their attorney, VALERIE A. MORAN of THE MORAN LAW FIRM, PLLC, for their Complaint against Defendants state as follows:

### Summary

1. This matter arises out of an <u>illegal foreclosure</u> of the family home of a disabled senior citizen, Plaintiff, SHARON CURTIS, and the childhood home where her daughter, Plaintiff JANETTE CURTIS was raised. The evidence herein will show that Plaintiff's <u>timely made the payments via Western Union which Defendants repeatedly failed to credit to the loan. Instead, Defendants engaged in a pattern and practice of lost payments, returned payments, payments placed in suspensory accounts, false statements statements and negligent servicing that this home went to Forelosure in violation of both Michigan and Federal law.</u>

2. The Defendants via their legal counsel, Trott Law, PC, who conducted the foreclosure, have been put on written notice of their servicing errors and overall lack of compliance with applicable laws. Receipt has been acknowledged by Trott on behalf of their client as required in paragraph 20 of the mortgage. However, to date, no explanation of where Plaintiff's funds went and basis for the contradictory documents as to what was owed on the mortgage have been provided.

3. Per their legal counsel, Trott Attorney, Mirela Albu, they are "researching the matter Internally," yet have refused to agree to not further transfer the property while the matter is being "researched."[1] **(Exhibit 1: Emails to and From Trott Law Attorneys Robert**

---

[1] It should be noted that the last case this attorney had with Trott Law, Trott was put on notice of the fatally flawed Sheriff sale and they also claimed to be "researching the matter" and while this was occurring, simultaneously the Defendants were making arrangements to sell the property, unbeknownst to the Plaintiff and this attorney. Fortunately, the Sheriff Sale was immediately voided by Judge Martha Snow. Wayne County Circuit Case No: 19-013232-CH.

2

**Kinggo and Mirela Albu)**

4. As Defendants, via their legal counsel Trott Law ( who conducted the foreclosure and provided at least one of the reinstatement figures) are on notice as to their error, and yet refuse to cooperate to by way of an agreement to NOT further transfer this property while they are researching the account, a Temporary Restraining Order is needed to prevent the irreparable harm that would occur if the property was further transferred and/or the title was further encumbered or clouded. Additional concerns are the ongoing "inspections and other unexplained charges that, upon information and belief, are being added to the loan balance.

## JURISDICTION AND VENUE

5. Plaintiff, **SHARON CURTIS** is a resident of the City of Harrison, County of Clare, State of Michigan and has resided in the home for more than 26 years, described to wit:

   **Lot 4 Block 27, of Wilson's Second Addition to the city of Harrison, as set forth in Plats, Clare County records, State of Michigan**

   commonly referred to as: **166 E. Pine St. Harrison, MI 48625**

   (Exhibit 2: Warranty Deed) (Exhibit 3: Original Land Contract dated <u>3/12/1997</u>).

6. Plaintiff, **JANETTE CURTIS** is a former resident of the City of Harrison, County of Clare, State of Michigan and was in Harrison when many of the actions complained of herein took place.

7. The aforementioned real property is located in the County of Clare, State of Michigan and therefore jurisdiction is proper in this Honorable Court.

8. Defendant **Deutsche Bank National Trust Company, As Trustee for Quest Trust 2005-X1, Asset Backed Certificates Series 2005-X1,[2] (Hereinafter sometimes referred to as "Deutsche"** is the alleged owner of the mortgage, upon information and belief with their corporate office in California and conducting business in the County of Clare, State of Michigan.

9. Defendant **OCWEN LOAN SERVICING, LLC,** upon information and belief is a foreign profit limited liability corporation in the business of mortgage loan servicing conducting business in the County of Clare, State of Michigan.

10. Defendant, **PHH Mortgage Services Corporation (Hereinafter PHH)** upon information and belief is in the business of mortgage loan servicing and is: a foreign profit corporation conducting business in the County of Clare, State of Michigan, and in the process of or has completed a merger with Defendant Ocwen.

11. Defendant **NewRez, LLC, (hereinafter "NewRez"** upon information and belief is in the business of mortgage loan servicing and is a foreign limited liability company conducting business in the County of Clare, State of State of Michigan.

---

[2] Deutsche Bank and its affliciates is a has been fined more than 60 million dollars to the Federal Government and 3.5 million to the State of New York for alleged wrong doing. Source: Corp-Research.org and 7.2 Billion for misleading investors in residential mortgage backed securities. Source: Department of Justice 2017 Press Release.

4

## STATEMENT OF FACTS

12. As set forth above, Plaintiff, Sharon Curtis is the legal and proper owner as set forth above.

13. After paying off the home, Ms. Curtis and her then husband, Neal Curtis, obtained a mortgage to remodel the home; much of which was to accommodate her disability as Ms. Curtis is in a wheelchair ( **Exhibit 4: Quitclaim deed adding Neal Curtis to the home**) **(Exhibit 5: Mortgage recorded 09/02/04 L925 Page 407).**

14. Ms. Curtis later divorced and pursuant to the Divorce Decree, Mr. Curtis was removed from ownership of the **home (Exhibit 6: Recorded Quitclaim Deed granting Neal Curtis interest to Sharon Curtis).**

15. Multiple questionable assignments are in the chain of title **(Exhibit 7: Assignment of Mortgage "signed" by Crystal Moore and "notarized" by Bryan J. Bly).**[3]

16. Multiple court actions have taken place and multiple articles and news reports have been published naming Crystal Moore and Bryan Bly as witnesesses due to their alleged illegal, Robo signing.[4] **(Exhibit 8: Article by Mark Puente, one of many found online and this attorney continues to investigate this matter).**

17. A second Assignment purports to transfer the mortgage to: Deutsche Bank National Trust Company, As Trustee for Quest Trust 2005-X1, Asset Backed Certificates Series 2005-X1 **(Exhibit 9: Assignment to: Deutsche Bank National Trust Company, As Trustee for Quest Trust 2005-X1, Asset Backed Certificates Series 2005-X1).** The address on the

---

[3] Crystal Moore and Bryan Bly are two well known alleged robo signors. An internet search brought forth extensive allegations, depositions, youtube videos etc… of their alleged illegal antics. Plaintiff counsel is still investigating and will further supplement.

[4] "Robo signing" an action in which a single person supposedly reviewed, analyzed processed and ultimately signed by ahnd as many as 10,000 foreclosure documents per month. This practice of rapid fire signing of documents without adequately verifying the trust of the document, often in violation of statutory requirements.

5

Assignment listed is C/O: Ocwen Servicing LLc Worthington Rd Sste100 West Palm Beach, FL 33409 but does not match other public record addresses including the address listed on the Sheriff Deed **(Exhibit 12: Sheriff Deed )**.

18. The servicing on this loan was transferred a multitude of times from Defendant **OCWEN** (as per the second assignment **(Exhibit 9)** to Defendant **PHH** as per later correspondence set forth herein to Defendant **NewRez** whose participation was never fully explained by Defendants other than the few pieces of correspondence sent to the Plaintiff.

19. Servicing errors and other problems such as contradictory information and instructions have gone on for years, but became acute concurrent to the change in servicing and misapplication of monthly payments.

20. Said foreclosure is illegal as Plaintiff, SHARON CURTIS made the payments both prior to being accused of being behind and later, as required pursuant to the "Temporary Loan Agreement" **(Exhibit 10: Temporary Loan Agreement and (Exhibit 11: Plaintiff Affidavit attachment G).**

21. Due to the alleged missing payments and the medical conditions of, Plaintif SHARON CURTIS, Plaintiff's daughter: Plaintiff JANETTE CURTIS, has had tobecome involved and thus lose time from work, and has also began providing funds for payments and corresponded extensively with all Defendant entities **(Exhibit 11: Affidavit of JANETTE CURTIS with Exhibits A - Q).**

22. <u>Said affidavit of Plaintiff, Ms. Janette Curtis, supported by exibits, clearly sets forth the chronological events, false statements, contradictory information and errors on the part of the Defendants that led to the illegal foreclosure.</u>

23. The Defendants, as clearly set forth in the Affidavit, were repeatedly put on notice of their servicing errors that included the failure to apply payments and incorrect claims of a default.

24. Said errors included returning Plaintiff's payments in error <u>repeatedly, sending out checks in the incorrect names repeatedly</u> **(Exhibit 11)**

25. <u>Said errors also included advising both Plaintiff Sharon Curtis and her daughter, Plaintiff Janette Curtis in writing NOT to pay the April 2019 payment and then PENALIZING THEM when the followed instructions and they did not make a payment in April 2019 **(Exhibit 11 Exhibit H: Payment reminder Notice with "late charge" for the payments RETURNED BY THE SERVICER 3 TIMES).**</u>

26. <u>Defendants also failed to provide an accurate reinstatement figure despite both a contractual **(Exhibit 5 Mortgage paragraph 19)** and statutory obligation to do so under both State and Federal Statutes to do so( see paragraph 29 of this Complaint).</u>

27. Defendants repeatedly promised both Plaintiffs that they would fix the errors and apply the payments, but failed to do so **repeatedly.**

28. Despite being repeatedly put on notice of the multitude of serious servicing errors and despite repeatedly promising to fix the errors and adjourn the Sheriff Sale, **the Sale took place on December 4, 2019 (Exhibit 12: Sheriff Deed).**

29. Defendants have blatantly violated both State and Federal Law; specifically:

    A. RESPA (Real Estate Settlement Procedure Act), by their failure to provide a timely reinstatement.

    B. MCL 600.3212(c), by failing to publish the correct amount owed on the mortgage (as evidenced by their "accounting" practices concerning payments).

7

    C. MCL 600.3204 as the power of sale had <u>not</u> become operative as there was NOT a true default. In fact, the only "default" was in fact manufactured by the Defendants by not applying payments in violation of paragraph two of the mortgage **(Exhibit 5: mortgage page 4 paragraph 2)** and their own "Temporary Repayment Agreement " **(Exhibit 10: Temporary Loan Agreement and (Exhibit 11 attachment G)** and thus Defendants violated the law.

30. The evidence is clear that the foreclosure sale is in violation of multiple State of Michigan and Federal Statutes and further that Defendants have failed to voluntarily set aside said illegal sale despite being on notice of their errors and misrepresentations to the Plaintiffs. **(Exhibit 1: Emails to Trott Legal Counsel)**

31. <u>**Plaintiffs were ready, willing and able to reinstate the mortgage and would have done so if Defendants had met their contractual and statutory duties of providing an accurate reinstatement figure prior to the sale; Plaintiffs remain ready willing and able to reinstate the mortgage today upon receipt of a full accounting of all payments made to date on the mortgage.**</u>

32. That Defendants must be enjoined from further transferring the property to allow this matter to be litigated and the property returned to the Plaintiff, **SHARON CURTIS** who is the rightful owner and who, <u>along with her family, will suffer irreparable harm through the loss of the property, which is the family home.</u>

33. Defendants made repeated false and deceptive statements and caused false written correspondence to be sent to the Plaintiffs providing a reinstatement figures that

8

contradicted other documents and Defendants refused to respond and provide an accurate figure or explain which figure was correct and which documents should be disregarded due to error. **(Exhibit 11: Affidavit of Plaintiff Janette Curtis).**

## COUNT I: VIOLATION OF RESPA

34. Plaintiffs incorporate each and every one of the preceding allegations by reference.

35. The Real Estate Settlement Procedures Act provides the borrower a private right of action to enforce servicing violations such as the violations set forth herein.

36. Defendants operated as the lender and/or servicer of Plaintiff's mortgage loan which is the subject of this litigation.

37. Defendants repeatedly breached their duties by:

    **a.** failing to provide accurate and timely statements

    **b.** failure to provide accurate and timely reinstatement figures

    **c.** failing to make the required efforts for early intervention and <u>in fact went to far as to make misrepresentations to the Plaintiffs and reverse and</u>

9

<u>return their payments when she contacted them about the status of the mortgage loan by falsely assuring the Plaintiffs that the Sheriff Sale would not proceed and the errors would be corrected.</u>

## **COUNT II: QUIET TITLE AS TO ALL DEFENDANTS**

38. Plaintiffs incorporate each and every preceding allegation by reference.

39. Defendants actions were in violation of MCL 600.3204 and were done intentionally and/or negligently but with the intent to dispossess Plaintiffs of their family home.

40. That Defendants knew or should have known that their actions were contrary to law and contraries to their duties to the Plaintiffs.

41. That as a result of the Defendants illegal and intentional acts, property has wrongfully gone to Sheriff sale and is in danger of title improperly vesting in the title of Defendant Deutsche.

42. That voiding the deed is appropriate due to fraud and irregularities in:

    a. the servicing of the loan

    b. the illegal foreclosure done in clear violation of both State and Federal Statutes as set forth herein

10

      c. the suspect assignments, that appear to be signed by known robo signors.

43. Michigan Supreme Court case: *Kim v JP Morgan Chase Bank,* NA 825 N.W. 2d 329 (Mich 2012) has clearly held that voiding of a foreclosure and Sheriff Deed is appropriate in instances of fraud and irregularity.

44. The voiding of the Sheriff deed is an appropriate remedy in the instant case as the evidence set forth herein, supported by Affidavit and documentary evidence makes it clear that but for the Defendants errors and failure to comply with statutory and contractual duties in failing to timely and properly apply mortgage payments and provide the reinstatement figure, the Sheriff sale would not have occurred **(Exhibit 11: Affidavit of Janette Curtis ) (Exhibit 12: Sheriff Deed).**

45. Plaintiff was wronged at multiple stages of this process: in the failure to apply payments, the failure to provide an accounting and the failure to provide an accurate reinstatement figure.

46. Plaintiff remains ready willing and able to reinstate the mortgage upon receipt of a full accounting of past payments and disbursements and an accurate reinstatement figure.

11

## COUNT – III- COMMON LAW and STATUTORY SLANDER OF TITLE AS TO ALL DEFENDANTS

47. Plaintiff incorporates each and every proceeding allegation by reference.

48. Elements for common law slander of title are: falsity (publication of a false statement), and malice (intent to injure the plaintiff) *Glieberman v Fine,* 248 Mich 8 226 NW 669 (1929), statutory slander of title is MCL 565.108.

49. Special damages are allowed and recognized by this statute and may include attorney fees, litigation costs, impairment of vendability, landlord tenant disputes, emotional damages.[5]

52. Defendants, or agents acting on their behalf and/or under their direction, committed common law Slander of Title by knowingly and intentionally publishing false statements and affidavits concerning Plaintiff's property by drafting and sending fraudulent and/or misleading documents, and later by recording or causing the recording of said deed documents with the Clare County Register of Deeds and other and by causing the

---

[5] See Exhibit 1: Plaintiff attorney contacted Trott law and specifically asked that they agree not to further transfer the property while this matter was being investigated. Trott refused, thus necessitating this action to protect Plaintiff's interests. Additionally, in a prior case, less than 6 months ago, Trott verbally agreed to set aside a Sheriff sale, yet unbeknownst to this attorney the property was in actuality being readied for sale by another law firm and was already "boarded for sale" in the client's system. Wayne County Case No: 19-013232-CH.

12

initiation of the foreclosure of Plaintiff's home.

53. Said acts in the foregoing paragraph were done with malice and with the intent to injure the Plaintiff by illegally divesting them of their property and home of more than 26 years.

54. As a direct result of Defendants illegal actions, Plaintiff and her family have been damaged as set forth herein, including but not limited to immense emotional distress, the loss of their property and legal and litigation costs associated with this action.

## COUNT – IV- BREACH OF CONTRACT AS TO ALL DEFENDANTS

55. Plaintiffs incorporate each and every proceeding allegation by reference.

56. That Defendants had a duty to comply with the notice and reinstatement figure provisions in the mortgage **(Exhibit 5: mortgage).**

57. Plaintiffs relied upon the representations of Defendants to their detriment.

58. That Defendants breached their duties under the contract as set forth herein.

59. As a result of Defendants actions, Plaintiffs were damaged.

13

### COUNT – V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff hereby incorporate each and every prior paragraph as though full set forth herein.

61. Defendants were specifically put on notice that their actions were causing Plaintiff SHARON CURTIS distress as as a result, she was suffering medical conditions resulting in hospitalization.

62. Defendants intentionally disregarded this information and continued to utilize false improper criteria to frustrate and prevent the proper application of Plaintiffs mortgage payments.

63. Defendants conduct was extreme, outrageous and beyond all possible bounds of decency.

64. Defendants knew or should have known the effect their acts would have on Plaintiff, SHARON CURTIS, a disabled, wheelchair bound, senior citizen.

65. As a result of Defendants actions, Plaintiff SHARON CURTIS has suffered severe emotional distress, humiliation, and other medical and psychological conditions needing medical treatment and resulting in hospitalization and therefore has been damaged.

### COUNT – VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

66. Plaintiffs hereby incorporate each and every prior paragraph as though fully set forth herein.

67. Defendants repeatedly and negligently disregarded both Plaintiffs statements advising these Defendants of the stress that the loss of the home was causing to Plaintiff SHARON CURTIS and continued to utilize false information in publications and failed repeatedly to respond to her requests for an accounting and clear explanation as to where her payments were going.

68. Defendants, repeatedly, negligently and in violation of both State and Federal Law, repeatedly failed to provide the Plaintiffs with an accurate reinstatement figure.

69. The Defendants actions frustrated Plaintiffs ability to keep the family home.

70. Defendants conduct was extreme, reckless, outrageous and beyond all possible bounds of decency.

## **REQUEST FOR INJUNCTIVE RELIEF**

71. Plaintiffs hereby incorporates each and every prior allegation by reference.

72. Plaintiffs, SHARON CURTIS and JANETTE CURTIS would clearly face irreparable harm if removed from their property and and family home of 26 years.

73. Further, the subject property once vacant, would have a high probability of being vandalized, thus diminishing its value and causing further harm.

74. The Plaintiffs have a strong likelihood of success on the merits as the documents contained herein show clear violation of multiple statutes and clearly demonstrate that the power of sale never became operative on the mortgage, thus the Sheriff sale is fatally flawed.

75. The harm to Defendants is considerably less if the Temporary restraining

order is granted than harm to the Plaintiffs. In fact, it can be reasonable argued that due to the high likelihood of vandalism, it is in Defendant's best interest as well to have the Plaintiff and their family remain in the property.

76. Plaintiffs request that the redemption be tolled or, in the alternative, that the Sheriff sale be voided. As the alleged default is solely due to Defendants. Ie: if they had properly applied payments and provided an accurate reinstatement figure <u>as required</u> to the Plaintiffs, the sale would not have occurred. Thus, <u>but for Defendants extensive and repeated errors,</u> Plaintiff's could have saved their home from foreclosure via the proper application of their payments, or failing that, via reinstatement upon the receipt of an accurate reinstatement figure. **(Exhibit 11: Plaintiff Affidavit)**

77. Plaintiffs further requests IMMEDIATE INJUNCTIVE RELIEF as set forth in the accompanying motion for Temporary Restraining Order relief in the form of a Temporary Restraining Order and Preliminary injunction:

    A. staying the redemption rights, or, in the alternative, voiding the Sheriff Deed which is clearly fatally flawed on its face due to clear evidence of fraud and irregularities;

    B. preventing Defendants from further transferring any interest in the property; and

16

C. preventing Plaintiffs being evicted from the property.

D. Preventing any "property preservation" such as changing of locks

E. A full accounting of the loan including the application of all payments and disbursements

F. A detailed reinstatement figure that fully supports in the form of detailed calculations the amount needed to reinstate the mortgage loan and a figure good for a minimum of 30 days.

WHEREFORE, plaintiffs pray for the entry of judgment:

A. Granting Plaintiff SHARON CURTIS all legal title to the subject property described above

B. Awarding Plaintiffs all damages incurred by Plaintiffs as a result of Defendants actions including an award for all of Plaintiff costs, special and/or statutory damages and attorney fees and costs herein.

C. Awarding Plaintiffs all economic and consequential damages as well as Damages for emotional distress

D. Declaring the Sheriff Deed void due to the failure to comply with contractual and statutory requirements in both state and federal law and due

to Defendants false, misleading and improper acts in violation of the mortgage contract, MCL 600.3204 and Federal RESPA statutes.

E. A temporary restraning order preventing the further transfer of the property or further actions regarding the property including property preservation or eviction of the Plaintiffs or any type of interference with Plaintiff's rightful possessory interests.

F. Awarding any other relief that this court deems just and equitable, with cost and fees awarded to Plaintiff so wrongfully incurred.

Respectfully submitted,

By: _____
VALERIE A. MORAN (P 56498)
THE MORAN LAW FIRM, PLLC
Attorney for Plaintiffs
24500 Northwestern Hwy Suite 204
Southfield, MI 48075
Ph: 248-291-4528 Cell: 248-514-6755
Email: vmoranatty@outlook.com

Date: February 12, 2020

18