# EXHIBIT C

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF CLARE

SHARON CURTIS, and JANETTE
CURTIS, individually and as guardian and
conservator for Sharon Curtis,

File No.: 20-900095-CH
Hon. Thomas R. Evans

*Plaintiffs*,

v

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Quest Trust
2005-X1, Asset Backed Certificates Series
2005-X1, OCWEN LOAN SERVICING,
LLC, a Foreign Limited Liability Corp.,
PHH MORTGAGE SERVICES, LLC, a
Foreign Profit Corp., NEW REZ, LLC, a
Foreign Limited Liability Corp., TROTT
LAW, PC, jointly and severally,

*Defendants.*

| | |
|---|---|
| Valerie A. Moran (P56498)<br>The Moran Law Firm, PLLC<br>Attorney for Plaintiffs<br>28111 Couzens Ave.<br>Madison Heights, MI 48071<br>Telephone: (248) 514-6755 | David M. Dell (P61778)<br>Thomas M. Schehr (P54391)<br>Dykema Gossett, PLLC<br>Attorney for Defendants<br>39577 Woodward Ave., Ste 300<br>Bloomfield Hills, MI 48304<br>Telephone: (248) 203-0722 |

### OPINION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY DISPOSITION

At a session of said court held in the Courthouse in the City of Harrison, County of Clare, State of Michigan on the 19th day of October, 2021.

Present: Honorable Thomas R. Evans
Circuit Judge

A TRUE COPY
Dated 04/06/2022
LORI MARTIN, COUNTY CLERK
By K. LaPotte DEPUTY CLERK



THOMAS R. EVANS
55TH CIRCUIT COURT JUDGE
401 WEST CEDAR AVENUE
GLADWIN, MI 48624-2052
TELEPHONE: (989) 426-9237
FAX: (989) 426-4493

 

1

I. **Introduction**

Plaintiffs filed the instant complaint in this matter involving the foreclosure of residential property. Plaintiffs made numerous claims, including claims for alleged violations of the Real Estate Settlement Procedures Act[1], for quiet title, for statutory and common law slander of title, for breach of contract, for intentional and negligent infliction of emotional distress, and for injunctive relief. Defendants moved for summary disposition, and following a hearing on the motion, the Court took the motion under advisement. While the matter was under advisement, Plaintiffs later filed an amended complaint. The amended complaint included claims for demand of accounting, for quiet title, common law and statutory slander of title, for breach of contract, for intentional and negligent infliction of emotional distress, for fraudulent and innocent misrepresentation, and for exemplary damages.

The matter before the Court is Defendants' motion for summary disposition under MCR 2.116(C)(8). For the reasons below, Defendants' motion is granted in part and denied in part.

II. **Standard of Review**

A motion under MCR 2.116(C)(8) tests the legal sufficiency of claims, otherwise stated as whether the "opposing party has failed to state a claim on which relief can be granted." Here, all well-pleaded factual allegations are to be accepted as true and construed in the light most favorable to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). The Court may consider only the pleadings. MCR 2.116(G)(5). A motion under MCR 2.116(C)(8) may be granted only where "no factual development could possibly justify recovery." *Id.*

III. **Facts**

Plaintiff Sharon Curtis acquired the property at 166 E. Pine St., Harrison, Michigan via land contract and warranty deed. The original land contract appears to go back to May 4, 1994. The warranty deed was dated August 20, 2004. Just about one month earlier, however, Plaintiff quit-claimed the property to herself and her husband Neal Curtis. The property was

---

[1] Initially, there was a notice in this case that Defendants sought removal of this case to the U.S. District Court. Subsequently, that Court provided notice that it declined to exercise its supplemental jurisdiction over the state law claims, and it remanded those claims to Clare County Circuit Court. The RESPA claim in Count I remained with the U.S. District Court.

2

mortgaged for a 30-year mortgage in August 2004, with both Sharon and Neal Curtis as mortgagors and Ameriquest Mortgage Company as mortgagee. The mortgage included a power-of-sale clause. Later, the Curtises divorced, and Neal signed a quit-claim deed to transfer his interest in the property to Sharon. The quit-claim deed was recorded on May 28, 2013.

The underlying mortgage was transferred from Ameriquest to Deutsche Bank, as a trustee of a mortgage securities trust, as of the recorded date of February 7, 2009. The mortgage was again reassigned to Deutsche Bank as trustee of another mortgage securities trust, as of the recorded date of April 1, 2013.

Between this point, and the sheriff's sale of the property, there are disputed facts. Generally, Plaintiffs allege that payments were properly made, but not properly applied to the mortgage. Various mortgage servicers provided service on behalf of the mortgagee, including: Ocwen Loan Servicing, PHH Mortgage Servicers, and NewRez. Plaintiffs allege a number of instances of attempted payments, returned payments, payments that were not properly applied, and a repayment agreement that was made by Plaintiffs and the servicer to bring Plaintiffs' mortgage payments current. None of these actions resolved Plaintiffs' financial situation regarding the mortgage. Defendants' position is that Plaintiffs defaulted on the mortgage, failed to comply with the repayment agreement, and thus the power of sale in the mortgage became operable, and the foreclosure can and did proceed.

Ultimately, a sheriff's sale occurred December 4, 2019. The redemption period expired six months later, on June 4, 2020.

Plaintiffs filed the instant complaint on February 14, 2020.

## IV. Discussion

### A. Janette Curtis, individually, is not a Proper Party

Defendants argue that Janette Curtis, as an individual, is not a proper party to this case. Defendants are correct.

In this case, the initial mortgage document, which subsequently lead to the foreclosure and the instant legal challenge to the foreclosure, named Sharon Curtis and Neal Curtis as the mortgagors. After the initial mortgage, Neal Curtis divorced Sharon. The property interest was transferred, but it appears that the Curtises never refinanced the mortgage to eliminate Neal's obligations. Janette Curtis' claimed interest in this property comes from the assertion

that she assisted her mother Sharon with making the payments to try to make the loan balance current. Further, Janette claims that she is trying to save her inheritance and childhood home. However, Janette is not on the deed of the property showing an ownership interest. Because Janette is not an owner of the property and does not have liability under the mortgage, she cannot bring a claim on her mother's behalf. *See King v IB Prop Holdings Acquisition*, 635 F Supp 2d 651 (ED Mich 2009). Furthermore, without regard to Janette's guardian/conservator status over Sharon, any right that Janette, as an individual, has to an inheritance does not exist until Sharon passes away. *See In Re Finlay*, 430 Mich App 590, 601; 424 NW2d 272 (1988) ("[P]otential heirs and legatees do not have a right in an estate until the testator dies."); *See also In Re Saylor*, unpublished per curiam opinion of the Court of Appeals, issued December 22, 2005 (Docket No. 256521) ("The right to inherit property through either a will or the intestacy laws vests, and becomes more than a mere expectancy, on the death of the estate holder." (citing *In Re Finlay*)). Ignoring the foreclosure and litigation for the moment, Janette could otherwise expect, and perhaps reasonably expect, to inherit Sharon's home. However, considering the allegations of this case, Janette offers no legal support for any claimed equitable interest or any other interest she has in the property. The fact that she may have supported her mother in trying to retain the property is a legal issue between Janette and Sharon, and not between them and any Defendant.

Accordingly, any claim that Janette Curtis asserts, as an individual, in this matter is dismissed.

**B. Plaintiffs' interest in the property and the order of foreclosure**

Defendants argue that Plaintiffs have no interest in the property because, by now, the foreclosure occurred and the redemption period expired, and further Defendants argue that Plaintiffs are not entitled to have the foreclosure set aside. Defendants are incorrect.

Foreclosures by advertisement are governed by statute. *Conlin v Mtg Electronic Registration Sys*, 714 F3d 355, 359 (CA 6, 2013). *Senters v Ottawa Savings Bank, FSB*, 433 Mich 45; 503 NW2d 639, 641 (1993). After a sheriff's sale, the mortgagor has six months to redeem the property. MCL 600.3240. After expiration of the redemption period, the former owner's rights are extinguished and all rights, title, and interest are vested in the new owner. *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942); MCL 600.3236.

"Because Michigan's foreclosure-by-advertisement is intended to give finality to purchasers of foreclosed properties, a court's ability to set aside a foreclosure sale is limited." *Davis v GMAC*, unpublished per curiam opinion of the Court of Appeals, issued June 17, 2014 (Docket Nos. 307721, 313846) (footnote omitted). See also *Schulthies v Barron*, 16 Mich App 246, 167 NW2d 784 (1969).

Defendants' argument as to Plaintiffs' interest in the property is unavailing. Defendants cite *Bryan v JPMorgan Chase Bank* for the proposition that Plaintiffs' standing expired when they failed to redeem the property. Given the allegations in this case, this is not a matter regarding Plaintiffs' redemption. The essential fact of *Bryan* was that the plaintiff filed suit *after* the redemption period expired[2]. *Bryan*, 304 Mich App 708, 711; 848 NW2d 482 (2014). Plaintiffs, in the instant case, filed suit within the redemption period, and timely pursued their legal remedies rather than failing to vindicate what right they may have.

Regarding the setting aside of the foreclosure sale, "[D]efects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012). "[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with" the foreclosure statute. *Id.* "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id.* at 115–16 (footnote omitted). *See also Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 859 NW2d 238 (2014).

Plaintiffs here essentially argue that the foreclosure procedure was improper because payments allegedly were made but not properly applied. Thus, there is a question as to whether the power-of-sale was operative and whether the whole foreclosure procedure was proper. Had Plaintiffs admitted that the procedure was proper, and only came to court with an equitable argument, then the claim would rightly be dismissed. See *Freeman v Wozniak*, 241 Mich App 633, 617 NW2d 46 (2000). *Freeman* differs from the instant case by that essential fact—Plaintiffs allege improper procedure by way of the servicers' alleged misapplying of her payments. *Freeman* recognizes that a showing of fraud, accident, or mistake in the procedure could be cause to set aside a foreclosure sale. *Id.* at 637. Defendants' argument that the issue

---

[2] According to the summary of facts by the Court of Appeals, the plaintiff in *Bryan* filed suit to quiet title on January 31, 2012. The expiration of the redemption period was June 26, 2010.

5

must be with the sale itself is not persuasive with their citation to *Reid v Rylander* because *Reid* was a post-redemption summary proceedings case. *Reid*, 270 Mich 263, 266; 258 NW2d 630 (1935). Neither circumstance is parallel to the instant case, in which Plaintiffs filed the complaint during the redemption period and no summary proceedings have been filed.

Plaintiffs' claims essentially show that they were prejudiced by the foreclosure procedure, in that, despite their alleged payments, Defendants claimed a default without substantiating the validity of Plaintiffs' payment status and then Defendants pursued the foreclosure. Plaintiffs would be in a better position to defend themselves had they been properly informed of what is owed, per Plaintiffs' claims. Accepting Plaintiffs' claims as true, for the purposes of the instant (c)(8) motion, no claim should be dismissed for these reasons.

### C. Plaintiffs' Quiet Title Claim

Defendants argue that Plaintiffs' quiet title claim fails as a matter of law. Defendants are incorrect.

Michigan's quiet title statute provides

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not

MCL 600.2932(1). Further, "Actions under this section are equitable in nature." MCL 600.2932(5). "In an action to quiet title, the plaintiffs have the burden of proof and must make out a prima facie case of title. If the plaintiffs make out a prima facie case, the defendants then have the burden of proving superior right or title in themselves." *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet Co Rd Comm*, 236 Mich App 546, 550, 600 NW2 698 (1999).

In this matter, Plaintiffs make a proper claim for quieting title. Plaintiffs properly showed the chain of title of deeds and public record to show that they had an interest in this property through the disputed foreclosure. Thus, dismissal for failure to state a claim would not be appropriate. Whether Defendants can prove a superior right or title to the property is a question of fact that is to be determined by trial or other dispositive motion.

### D. Plaintiffs' Tort Claims

Defendants argue that Plaintiffs' tort claims are barred as a matter of law. Defendants are correct. Defendants identify Plaintiffs' tort claims for slander of title, and intentional or negligent infliction of emotional distress.

Plaintiffs' claim fails to state a claim here for various reasons.

First, the elements of the claims are as follows. As to slander of title, at common law, "a plaintiff must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *B&B Investment Group, Inc v Gitler*, 229 Mich App 1, 8; 581 NW2d 17 (1998). "The same three elements are required in slander of title actions brought under M.C.L. § 565.108; M.S.A. 26.1278." *Id.* As to intentional infliction of emotional distress, the elements are extreme or outrageous conduct, intent or recklessness, causation, and severe emotional distress. *Roberts v Auto-Owners Ins Co*, 422 Mich 594, 602; 374 NW2d 905 (1985). As to negligent infliction of emotional distress, the elements are

> (1) serious injury threatened or inflicted on a person, not the plaintiff, of a nature to cause severe mental disturbance to the plaintiff, (2) shock by the plaintiff from witnessing the event that results in the plaintiff's actual physical harm, (3) close relationship between the plaintiff and the injured person (parent, child, husband, or wife), and (4) presence of the plaintiff at the location of the accident at the time the accident occurred or, if not presence, at least shock "fairly contemporaneous" with the accident.

*Heese v Ashland Oil, Inc*, 466 Mich 21, 35; 642 NW2d 330 (2002) (KELLY, J., dissenting) (citation omitted).

Simply put, Plaintiffs allege nothing but legal conclusory statements that Defendants acted with malice or extreme or outrageous conduct. The Court will not glean from such statements that they satisfy the elements of these causes of action. Further, "A mere statement of a pleader's conclusions and statements of law, unsupported by allegations of fact, will not suffice to state a cause of action" for the purposes of an MCR 2.116(C)(8) motion. *Varela v Spanski*, 329 Mich App 58, 79; 941 NW2d 60 (2019). Further, negligent infliction of emotional distress, by its nature, contemplates a physical injury at a specific moment in time. *Heese, supra*. Nothing pleaded in this case involves a physical injury or a singular specific moment in time.

7

In addition, the gravamen of the complaint is the Defendants' alleged lack of compliance with foreclosure procedures following the mortgage and law. Plaintiffs fail to allege a duty that was breached by Defendants that was separate and distinct from the mortgage and law. *See Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 50; 649 NW2d 783 (2002) ("Michigan case law expressly provides that an action in tort may not be maintained where a contractual agreement exists, unless a duty, separate and distinct from the contractual obligation, is established.")

For these reasons, Plaintiffs' claims of slander of title (common law and statutory), intentional infliction of emotional distress, and negligent infliction of emotional distress are dismissed.

### E.    Plaintiffs' Breach of Contract Claim

The Court will dismiss Plaintiffs' breach of contract claim because it fundamentally is identical to Plaintiffs' quiet title claim.

To prove a breach of contract, Plaintiffs must first prove the existence of a valid contract. *Hammel v Foor*, 359 Mich 392, 400; 102 NW2d 196 (1960). Once the contract is established, in this matter, Plaintiffs must show that Defendants breached the contract and that Plaintiffs suffered damages because of the breach. *Doe v Henry Ford Health Sys*, 308 Mich App 592, 601; 865 NW2d 915 (2014) (citation omitted). In the instant case, the damages possibly alleged by the failure of the Defendants to comply with the terms of the mortgage and law are identical to the quiet title claim. *See Allstead v Kenyana*, unpublished per curiam opinion of the Court of Appeals, issued April 23, 2020 (Docket No. 347708).

The *Allstead* case, while unpublished, is persuasive, and given the general interest of judicial economy, dismissing the breach of contract claim because the damages claimed are not unique is proper.

Again, contractual principles would ordinarily control the process of a mortgage and foreclosure, but Plaintiffs' multiple claims are not inherently unique, and dismissing this count and not dismissing the quiet title count would enhance the judicial economy of this case by focusing on what is the gravamen of the case.

### V.    Conclusion

For the reasons stated above, Defendants' motion is granted in part and denied in part. Specifically, from the original complaint:

8

- Plaintiff Janette Curtis, in her individual capacity, is dismissed from this case.
- Count II – Quiet Title is <u>not</u> dismissed.
- Count III – Slander of Title is dismissed.
- Count IV – Breach of Contract is dismissed.
- Count V – Intentional Infliction of Emotional Distress is dismissed.
- Count VI – Negligent Infliction of Emotional Distress is dismissed.

Plaintiffs restated these counts above in the first amended complaint. The Count finds based on the reasons stated above, and with no additional development of factual allegations that would alter the analysis above, that the identical counts in the first amended complaint are also dismissed. Count II, quiet title, continues and is <u>not</u> dismissed.

The original Count I, related to the Real Estate Settlement Procedures Act, remains with the U.S. District Court.

The Court, at this time, takes no action as to the other counts in the first amended complaint because no motion has been filed related to the new counts.

*It is so ordered.*

This is not a final order and does not close the case.

Dated: 10/19/2021

THOMAS R. EVANS (P38525)
Circuit Judge

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF CLARE

SHARON CURTIS and JANETTE CURTIS,

        Plaintiffs,

vs.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Quest Trust 2005-X1, Asset Backed Certificates Series 2005-X1, OCWEN LOAN SERVICING, LLC, PHH MORTGAGE SERVICES, LLC, and NEW REZ, LLC,

        Defendants.

Case No. 20-900095-CH

Hon. Tara S. Hovey

| | |
|---|---|
| Valerie A. Moran (P56498)<br>**THE MORAN LAW FIRM PLLC**<br>Attorneys for Plaintiffs<br>28111 Couzens Avenue<br>Madison Heights, MI 48071<br>(248) 291-4528 (office)<br>(248) 514-6755 (cell)<br>vmoranatty@gmail.com | Dawn N. Williams (P72399)<br>Erin R. Katz (P71604)<br>**DYKEMA GOSSETT PLLC**<br>Attorneys for Defendants<br>39577 Woodward Ave., Suite 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0761<br>dwilliams@dykema.com<br>ekatz@dykema.com |

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY DISPOSITION

At a session of said Court held in the City of Harrison, County of Clare, and State of Michigan on this  17  day of  January , 2024.

### PRESENT: HONORABLE TARA S. HOVEY
Circuit Court Judge

This matter having come before the Court on Defendants' Motion for Summary Disposition; oral arguments having been heard on December 18, 2023; and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Disposition is GRANTED in part, and Count VII, Count VIII, and Count IX of the Amended Complaint are DISMISSED for the reasons set forth on the record.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Disposition is DENIED in part as to Count I and Count II of the Amended Complaint for the reasons set forth on the record.

**THIS IS NOT A FINAL ORDER AND DOES NOT CLOSE THE CASE.**

**IT IS SO ORDERED.**

_____
Hon. Tara S. Hovey, Circuit Court Judge