UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON CURTIS, and JANETTE CURTIS,

          Plaintiffs,                Case No. 1:23-cv-12859

v.                                         Honorable Thomas L. Ludington
                                                       United States District Judge
DEUTSCHE BANK, et al.,

          Defendants.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS AND DENYING AS MOOT PLAINTIFFS' MOTION TO DELAY DECISION**

This case, according to Plaintiffs, is about accounting for the mortgage balance for a 2004 loan Plaintiff Sharon Curtis obtained to remodel her house to accommodate her disability. *See generally* ECF No. 1. The house, located on Pine Street in Harrison, Michigan, was foreclosed upon in 2019 and was ultimately sold at a sheriff's sale in December 2020. *Id.* Nevertheless, Sharon asserts she is "the legal and proper owner of" the Pine Street House, alleging Defendants provided her with an inaccurate and inflated payoff accounting in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ECF No. 1 at PageID.4–8.

        Defendants in this case—Deutsche Bank National Trust Company, PHH Mortgage Corporation, and Ocwen Financial Cooperation—seek to stay this case pending the outcome of what it alleges is a parallel state court case involving the Pine Street House. But, as explained below, the Parties have not provided enough information about the relevant state court case and the loan for this Court to evaluate whether a stay would be proper. Accordingly, Defendants' Motion will be denied without prejudice.

Plaintiff Sharon Curtis owned real property in Harrison, Michigan. ECF No. 1 at PageID.2. Her daughter, Plaintiff Janette Curtis, is Sharon's guardian and conservator. *Id.* at PageID.3. On November 9, 2023, Sharon and Janette sued Defendants PHH Mortgage Corporation, Ocwen Financial Corporation, and Deutsche Bank National Trust Company as Trustee for Quest Trust 2005-XI, alleging they violated the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA). ECF No. 1 at PageID.4-6.

In August 2004, Sharon and her former spouse, Neal Curtis, acquired a $59,700.00 loan from Ameriquest Mortgage Company. ECF No. 12 at PageID.870. When the Curtises divorced, Neal signed a quit-claim deed transferring his interest in the property to Sharon. ECF No. 12-4 at Page ID.927. In April 2013, the mortgage was transferred from Ameriquest Mortgage Company to Deutsche Bank as trustee of a mortgage securities trust. *Id.* PHH Mortgage Corporation is the mortgage servicer. ECF Nos. 1 at PageID.3; 12 at PageID.870. Ocwen Financial Corporation is a subsidiary of PHH Mortgage Corporation. ECF No. 1 at PageID.4.

According to Plaintiffs Sharon "sought an accurate payoff and accounting for over a year from Defendants," but Defendants "failed to provide accurate figures." *Id.* at PageID.2. Defendants' accounting, according to Plaintiffs, "contains thousands of dollars [of] unexplained figures[,] including alleged escrow disbursements that do not match tax or insurance figures . . . and Defendants' representatives keep changing the basis for the figures." *Id.* In sum, Plaintiffs claim Defendants "inflated [the] alleged loan balance" in violation of unspecified sections of RESPA and TILA, which frustrated Sharon's ability to pay off the mortgage and caused her to lose her property in foreclosure. ECF No. 1 at PageID.4-7.

Defendants, on the other hand, claim Sharon defaulted on the terms of the $59,700.00 mortgage and was then given the option to enter a "Temporary Repayment Agreement" (the

"TRA"). ECF No. 12 at PageID.871. But Defendants claim that in May 2019, Sharon breached the TRA when she did not make a timely payment according to its terms. *Id.* Subsequently, the Trustee—Deutsche Bank—initiated foreclosure proceedings compatible with the power of sale in the mortgage agreement ECF No. 12 at PageID.871; ECF No. 12-4 at PageID.927. In December 2019, a Sheriff's sale occurred, and the Trustee purchased the property. *Id.* Importantly, Defendants note that Plaintiffs did not attempt to redeem the property during the redemption period, which expired on June 4, 2020. *Id.*

But in February 2020, before the redemption period expired, Plaintiffs filed an action in Clare County Circuit Court, ECF No. 12-4 at PageID.930, with a quiet title claim. *Id.*. It is unclear whether that quiet title claim has been adjudicated. That state court case was removed to the U.S. District Court for the Eastern District of Michigan Southern Division in March 2020. ECF No. at PageID.871. But United States District Court Judge Sean F. Cox declined to exercise supplemental jurisdiction over Plaintiffs' state law claims and kept only the alleged RESPA claim for adjudication. *Curtis v. Deutsche Bank Nat'l Tr. Co.*, No. CV 20-10609, 2020 WL 6544783, at *1 (E.D. Mich. Nov. 6, 2020). Ultimately, Plaintiff's RESPA claim in that federal action was dismissed for failure to state a claim. *Id.* at *6.

In November 2023, Plaintiffs filed this case, resurrecting a RESPA claim and tacking on allegations of TILA violations. ECF No. 1 at PageID.6. For the RESPA claims, Plaintiff alleges a violation of 12 CFR 1024.17(c) and states Defendants violated 12 CFR 1024.17(c) "by charging the escrow account multiple escrow disbursements and increasing the alleged loan balance while simultaneously when said 'escrow' charges were not being used for taxes or Plaintiff's hazard insurance . . . ." *Id.* (emphasis omitted). Plaintiff cites the same federal regulation when alleging a TILA violation, alleging "the inflated payoff was over the amount [Plaintiff] was able to borrow

in a new loan." ECF No.1 at Page ID.6-7. Plaintiff then alleges a violation under 36 US 1026.36(c)(3), a statute that does not exist. ECF No. 1 at PageID.7.

On December 18, 2023, Plaintiffs filed an *ex parte* motion for a temporary restraining order, seeking an order from this Court staying the ongoing Clare County Circuit Court proceedings related to Plaintiffs' quiet title claim. ECF No. 3. The next day, this Court denied Plaintiffs' request because federal courts may not enjoin state-court proceedings except in three specifically defined scenarios, none of which applied in this case. ECF No. 4 (citing 28 U.S.C. § 2283); *see also Smith v. Bayer Corp.*, 564 U.S. 229, 306 (2011) (noting exceptions to the Anti-Injunction Act are "narrow" and should not "be enlarged by loose statutory construction.").

On January 26, 2024, Defendants filed a motion to dismiss under Civil Rule 12(b)(1), arguing the *Colorado River* abstention applied to this action because the ongoing quiet-title proceedings in Clare County Circuit Court were based on the same underlying facts. ECF No. 12 at PageID.872; *Id.* at PageID.874. Plaintiff responded by stating they had sufficiently pled the Complaint because they "specifically identified [] damages arising from the RESPA and TILA violations." ECF No. 16 at PageID.970. And in March 2024, Plaintiffs filed a motion requesting this Court "delay" its decision on Defendants' Motion to Dismiss, ECF No. 12, for seven days so they could collect and file additional evidence. ECF No. 19.

But the facts presented by the Parties are not sufficiently developed to analyze the propriety of a stay under *Colorado River Water Conservation Dist. V. United States*.[1] Indeed, no Party has summarized the status of the ongoing Clare County Circuit Court case with clarity, nor has either

---

[1] The *Colorado River* abstention doctrine is to be applied narrowly in federal actions where parallel proceedings are ongoing in another adequate jurisdictional forum, i.e., state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). It may also be applied where a combination of factors, such as the potential of piecemeal litigation, would "counsel against concurrent federal proceedings." *Id.* at 819.

Party provided a detailed explanation of which factual or legal issues—if any—are being adjudicated in state court at this point, or specified how those issues overlap with Plaintiffs' RESPA and TILA claims in federal court. So, Defendants' Motion to Dismiss, ECF No. 12, will be dismissed without prejudice, and Plaintiffs' Motion to Delay Decision, ECF No. 19, will be denied as moot.

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 12, will be **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiffs' Motion to Delay Decision, ECF No. 19, is **DENIED AS MOOT**.

**This is not a final order and does not close the above-captioned case.**

Dated: July 23, 2024                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge