## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

SHARON CURTIS,
via her guardian and conservator,
JANETTE CURTIS,

       Plaintiffs,

vs.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for Quest
Trust 2005-X1, Asset Backed Certificates
Series 2005-X1; PHH MORTGAGE
CORPORATION, a foreign limited
liability corp.; OCWEN FINANCIAL
CORPORATION, a foreign limited
liability corp., jointly and severally,

       Defendants.

Case No. 1:23-cv-12859-TLL

Honorable Thomas L. Ludington
U. S. District Court Judge

---

Valerie A. Moran
**D/B/A THE MORAN LAW FIRM**
*Attorney for Plaintiffs*
25 Louck Street, #19
Oxford, MI  48371
(248) 514-6755
vmoranatty@gmail.com

Dawn N. Williams (P72399)
DYKEMA GOSSETT PLLC
*Attorneys for Defendants*
201 Townsend Street, Suite 900
Lansing, MI  48933
(616) 776-7518
dwilliams@dykema.com

---

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR AN EXPEDITED CONFERENCE AND REQUEST FOR ADDITIONAL TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*— DYKEMA GOSSETT PLLC • Capitol View, 201 Townsend Street, Suite 900, Lansing, Michigan 48933 —*

100767.002406  4935-5669-4039.3

Defendants Deutsche Bank National Trust Company, as Trustee for Quest Trust 2005-X1, Asset Backed Certificates Series 2005-X1 (the "Trustee"), PHH Mortgage Corporation ("PHH"), and Onity Group Inc. ("Onity Group") f/k/a Ocwen Financial Corporation (collectively "Defendants), through its attorneys, responds to Plaintiffs' Expedited Motion for Special Expedited Conference and Request for Additional Time to Respond to Defendants' Motion for Summary Judgment (the "Motion").  As established below, Plaintiff's Motion has no basis and should be denied.

## I.      Plaintiff's Discovery Dispute Has No Merit.

### A.      Plaintiff's Allegations of Stonewalling Fail.

Plaintiffs' Motion is premised upon a false platform that Defendants have "stonewalled" her in producing documents, which she purportedly needs to respond to Defendants' Motion for Summary Judgment.

Defendants have been litigating Plaintiffs' accounting claims since Plaintiff first initiated suit on February 14, 2020.[1] Indeed, since February 2020, Defendants have litigated *three other actions* with Plaintiff concerning her loan.[2] Plaintiff does

---

[1] *See* February 14, 2020 Complaint, Exhibit A to Defendants' Motion for Summary Judgment [ECF No. 31-2].

[2] *See id.,* and August 24, 2021 Amended Complaint, Exhibit C to Defendants' Motion for Summary Judgment [ECF No. 31-3]; and, February 21, 2024 Complaint, Exhibit G to Defendants' Motion for Summary Judgment [ECF No. 31-7].

not, and cannot, claim that she actually served discovery in the three other actions, to which Defendants failed to respond to discovery.  Nonetheless, Defendants have produced detailed account records in prior litigation[3] and even went before a third party accountant to review the account records to determine whether Plaintiff's allegations of account errors were legitimate.  *See* Defendants' Motion for Summary Judgment [ECF No. 31-5].  The accountant found no proof of any error. *Id.* Despite the dispute as to accounting, that case settled in March 2024, and the case was dismissed *with prejudice* on January 3, 2025, as amended by the February 7, 2025 Order.  *See* February 7, 2025 Order, **Exhibit A**.

Plaintiff, however, still disputes the accounting in this action.  As established below, not only are Plaintiff's allegations of illegible and withheld documents false, Plaintiff failed to appropriately meet and confer to narrow the scope of the discovery dispute as required by the Federal Rules of Civil Procedure. Accordingly, her motion has no basis and should be denied.

### B.    Plaintiff Allegations of Illegible or Withheld Documents Is False.

Not only are Plaintiff's allegations of stonewalling false, her purported proof that PHH's production included numerous illegible documents fails.   The documents Plaintiff identifies as illegible are *merely photocopies of documents that*

---

[3] *See* Defendants' Motion for Summary Judgment [ECF No.31-16, PageID.1532-1938].

DYKEMA GOSSETT PLLC • Capitol View, 201 Townsend Street, Suite 900, Lansing, Michigan 48933

***Plaintiff sent to PHH***.  *See* PHH's Production Excerpt, **Exhibit B,** Bates Stamp Pages PHH Production (Curtis) 000713-000722.  Notably, Plaintiff's motion *omits* the email cover page that precedes the purported illegible documents.  *See id.,* Bates Stamp Pages PHH Production (Curtis) 000713 (*compared to* Exhibit 2 of Plaintiff's Motion [ECF No. 32-2, PageID.2030-2032]).  In short, PHH did not distort its production nor is its production deficient.  Rather, PHH produced the documents in the quality and format it received them and, thus, the quality and format they are currently held, as required by the Federal Rules.  *See* Fed. R. Civ. P 34(E)(i).

Moreover, not only were these documents produced in the format and quality received, they are <u>already in Plaintiff's possession</u>.  To be certain, Plaintiff even attached a clear copy of one of the purported "illegible documents" to her prior Complaint in state court.  *See* Defendants' Motion for Summary Judgment, Exhibit A [ECF No. 31-2], PageId.1247-1252 (compared to Exhibit 2 to Plaintiff's Motion [ECF No. 32-2], PageID.2030).[4]  PHH nonetheless produced the requested documents, subject to general objections and the specific objection that the

---

[4] Plaintiff's exhibit ([ECF No. 32-2], PageID.2030) is simply an excerpt of a document that Plaintiff attached in *full and clear form* to her prior Complaint.  *See* Defendants' Motion for Summary Judgment, Exhibit 2 [ECF No. 31-2, PageID.1247-1252].  This document, as it was received by PHH, was included in PHH's production, Bates Stamp Pages PHH Production (Curtis) 000713-000718.  *See* PHH's Production Excerpt, **Exhibit B**.

DYKEMA GOSSETT PLLC • Capitol View, 201 Townsend Street, Suite 900, Lansing, Michigan 48933

documents were already in Plaintiff's possession.  *See* PHH Production Response, Response No. 1, **Exhibit C.**

Remarkably, the only other documents that PHH has identified that are of similar quality are pages 57-59, 61-62, 524-525, 720-722, and 724 of its production.  *See* PHH Production Excerpt, Bates Stamp Pages PHH Production (Curtis) 000057-000059, 000061-000062, 000524-000525, 000720-000722, and 000724, **Exhibit B.**  These documents consist of the judgment of divorce pleadings and western union receipts.  *Id.* Again, these documents are photocopies of documents ***Plaintiff sent to PHH*** and are already in Plaintiff's possession.  *See* PHH's Production, including email cover sheets, Bates Stamp Pages PHH Production (Curtis) 000051-000062, **Exhibit B.**

To the extent Plaintiff tries to rely upon her claim for "insurance documents," this argument is equally flawed.  Not only has PHH already produced hundreds of pages of account records that detailed escrow charges for taxes and insurance (*see* Defendants' Motion for Summary Judgment [ECF No.31-16, PageID.1532-1938]), PHH also produced additional escrow statements that included detailed accounts of taxes and insurance charged on the loan.  *See* PHH Production Excerpt, **Exhibit B**, Bates Stamp Pages PHH Production (Curtis) 000092-000116, 000527-000661.

Plaintiff's Motion does not, and cannot, explain why PHH's production of escrow documentation was deficient.  The reason being, the escrow statements and account records sufficiently detail the charges incurred on the loan.  Moreover, to the extent Plaintiff is seeking policy documentation for insurance incurred *after* the sheriff's sale, PHH stands by its objection that such request is overly broad, irrelevant and not reasonably calculated to the lead to the discovery of admissible evidence.  The reason being:  <u>Plaintiff is no longer the owner of the property</u>.[5] Thus, Plaintiff does not have standing to challenge the validity of the insurance and/or charges incurred in connection to the property after the right of redemption period expired.  *Bac Home Loans Servicing, L.P. v. Lundin,* No. 309048, 2013 Mich. App. LEXIS 892, at *6 (Ct. App. May 23, 2013) ("Thus, once the redemption period expired, Lundin's rights in and to the property were extinguished."); and, *Mullen v. Bank of Am.*, No. 11-10062, 2011 U.S. Dist. LEXIS 150836, at *11-12 (E.D. Mich. Nov. 7, 2011) ("Once the redemption period following foreclosure of a property has expired—the former owner's rights in and title to the property are extinguished. At that point, the former owner loses standing to assert claims with respect to the property.")

---

[5] The Sheriff's Sale occurred on December 4, 2019 and the right of redemption expired on June 4, 2020. *See* Defendants' Motion for Summary Judgment, Exhibit K [ECF No. 31-12].  The January 3, 2025 Order rescinding the sale was set aside. *See* February 7, 2025 Order, **Exhibit A.**

DYKEMA GOSSETT PLLC • Capitol View, 201 Townsend Street, Suite 900, Lansing, Michigan 48933

Accordingly, contrary to Plaintiff's allegations, PHH's production is not deficient on its face, and her claim that PHH's production has prevented her from responding to Defendants' Motion for Summary Judgment has no basis.

## II. Plaintiff Did Not Properly Meet and Confer Regarding Discovery Disputes Before Filing This Motion.

Plaintiff' s Motion further fails because Plaintiff did not meet and confer as required by the Federal Rules of Civil Procedure in advance to filing this motion. The Court rules require exhausting the meet and confer process to resolve discovery disputes: "counsel for each of the parties or a party without counsel shall confer in advance of the hearing in a good faith effort to narrow the areas of disagreement." L.R. 37.1. Plaintiff did not do so before filing this Motion.

Plaintiff served requests for production on PHH on December 17, 2024. *See* Request for Production, **Exhibit D.**  Plaintiff's discovery requests were vastly over broad, sought information that was irrelevant to the scope of litigation and not likely to lead to admissible information, information that is proprietary and confidential, and information protected by the attorney-client privilege.  For example, Plaintiff requested various policies and procedures, employment records, communicating with credit reporting agencies, credit reporting investigations, all communications with insurance companies, and various other broad requests.  *See id.*

PHH timely responded within thirty days as required by Rule 34 of the Federal Rules of Civil Procedure, stating appropriate objections with detail.  *See* PHH Production Response, **Exhibit C.**   Subject to and without waiving its objections, PHH produced a total of 762 pages and referred Plaintiff to numerous responsive documents that were attached to its Motion for Summary Judgment. PHH produced the documents electronically, which would allow Plaintiff to zoom in to larger format documents.  *See* Production Correspondence, **Exhibit E.**

On January 24, 2025, Plaintiff's counsel sent PHH's counsel an email claiming that the production was deficient and demanding a response by the end of the day.  *See* January 24, 2025 Email Chain, **Exhibit F**.  PHH's counsel responded, explaining that the larger format documents can be zoomed in, asked for an explanation of what documents were purportedly illegible, explained that the request for insurance documents was over broad, and specifically stated that "I ask that we have a meet and confer regarding the specific challenges to responses.  A demand that we provide a response by the end of the day is not reasonable."  *Id.* Plaintiff's counsel did not respond to PHH's counsel's inquiries as to what documents were illegible or PHH's request to have a call to meet and confer. Instead, Plaintiff's counsel sent another email simply attesting that it was her attempt to meet and confer.  *See* January 24, 2025 Email Chain, **Exhibit G**. PHH's

DYKEMA GOSSETT PLLC • Capitol View, 201 Townsend Street, Suite 900, Lansing, Michigan 48933

counsel responded, reiterating the email was not a sufficient attempt to meet and confer that a "phone call to discuss [her] demand is necessary." *Id.*

On February 3, 2025, Plaintiff's counsel sent Defendants' counsel another email claiming to meet and confer regarding discovery disputes, but failing to identify any specific documents that were "illegible" or attempting to narrow the scope of the "insurance documents" requested. *See* February 3, 2025 Email Chain, **Exhibit H.**  PHH's counsel responded, again reiterating that it would be happy to have a call to discuss the discovery disputes. *See id.*  Again, Plaintiff's counsel ignored PHH's counsel's request to have a meet and confer call to discuss and instead, stated that she attempted to contact PHH's counsel "multiple times." *See* February 3, 2025 Email Chain, **Exhibit I**.  PHH's counsel responded, confirming that she had not received any call or voicemail seeking to schedule a meet and conference telephonic conference.  *Id.*  Indeed, as reflected in the email chains referenced above, Plaintiff's counsel did not once attempt to schedule a call as requested by PHH's counsel.

Plaintiff's brief emails claiming to meet and confer were not in good faith and made no effort to resolve discovery disputes.  Indeed, had Plaintiff's counsel attempted to meet and confer in good faith, PHH could have easily resolved Plaintiff's confusion as to "illegible" documents.  Instead, Plaintiff left PHH to wonder what documents she was claiming were illegible—indeed, PHH even tried

to explain that the large format documents can be zoomed into.  PHH had no reason to believe that Plaintiff was claiming that photocopies Plaintiff indisputably sent to PHH (which were in Plaintiff's possession) were the documents she claimed were "illegible.  As for the "insurance documents," if Plaintiff attempted to meet and confer and narrow the scope and/or identify specific documents that Plaintiff was requesting (which she did not), the parties may have been able to resolve this dispute in lieu of motion practice, but Plaintiff did not.

Accordingly, Plaintiff's Motion has no legal or factual merit and should be denied.

Respectfully submitted,

DYKEMA GOSSETT PLLC


By: */s/ Dawn N. Williams*

Dated: February 11, 2025

Dawn N. Williams (P72399)
*Attorneys for Defendants*
201 Townsend Street, Suite 900
Lansing, MI  48933
(616) 776-7518
dwilliams@dykema.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 11, 2025, I served a copy of the foregoing document via e-mail to Plaintiff's counsel at vmoranatty@gmail.com.

By: <u>*/s/ Dawn N. Williams*</u>
　　Dawn N. Williams (P72399)
　　*Attorneys for Defendants*
　　201 Townsend Street, Suite 900
　　Lansing, MI  48933
　　(616) 776-7518
　　dwilliams@dykema.com

100767.002406  4908-1069-3903.1

DYKEMA GOSSETT PLLC • Capitol View, 201 Townsend Street, Suite 900, Lansing, Michigan 48933