STATE OF MICHIGAN
IN THE EASTERN DISTRICT OF MICHIGAN

SHARON CURTIS
Via her guardian and conservator,
JANETTE CURTIS
      PLAINTIFFS

                              Case No:   1:23-CV-12859-TLL
V                                  Hon:  Thomas L. Ludington

DEUTSCHE BANK NATIONAL TRUST COMPANY,
As Trustee for Quest Trust 2005-X1, Asset Backed
Certificates Series 2005-X1, PHH MORTGAGE CORPORATION
A Foreign limited liability Corp.  OCWEN FINANCIAL CORPORATION
A Foreign Limited Liability Corp.
        Jointly and severally
        DEFENDANTS
_____

## PLAINTIFFS MOTION FOR TEMPORARY RESTRAINING ORDER

NOW COME the Plaintiffs, by and through their legal counsel, Valerie A. Moran, and hereby submit this Temporary Restraining Order and Request for Preliminary Injunction.

### INTRODUCTION

Plaintiff Sharon Curtis is a legally incapacitated person whose guardian and conservator is her daughter, Janette Curtis.

1

Plaintiffs filed an action in this Honorable Court after additional Federal violations became apparent based upon admissions of Defendant Counsel in Court and via the submission of an Affidavit by Defendants.

Plaintiffs were the victims of an illegal foreclosure and during attempts to settle the matter, a grossly inflated payoff roughly <u>twice the original amount of the mortgage</u>, which was paid on for over ten years by Plaintiff and mortgagor, Sharon Curtis, before the instant foreclosure [Mortgage Docket Entry 1-2]. Defendants have claimed <u>contradictory basis</u> for the inflated payoff by first claiming a contended that the increased payoff was due forced placed insurance and then, later <u>contradicting this claim</u> and instead claiming that it was a "regular" insurance policy that the Defendants added to the escrow account of the mortgagor. Defendants have refused to provide any evidence of same , and Plaintiffs were prevented from obtaining any documentation in State Court.[1] This refusal to provide documentation and adding charges that are solely for the benefit of the mortgagee without disclosure and without notice is a clear violation of law as the only types of insurance that can be placed as charges in the escrow account are forced placed insurance and the mortgagor's insurance. The Plaintiffs have repeatedly sought copies of the insurance charges, only to be stonewalled by

---

[1] The State Court Judge had stated on the record that Plaintiff's could amend their complaint, but later refused to enter the order. Upon consultation with the State Bar Ethics Division, the instant complaint was filed.

2

Defendants in both State and Federal Court.  Defendants went into State Court and oddly, were able to have Judge Hovey reverse herself, thus changing the terms and preventing Plaintiff's from obtaining the insurance information.  Plaintiffs have also sought the insurance information( copies of the policies, dates of coverage and proof of payments) via discovery in Federal Court, only to have the Defendants refuse to provide same.  Motions are pending in Federal Court, but now, **Defendants have sought to circumvent compliance in Federal Court by getting a revised order from the State Court forcing the resolution at the higher payoff amount and without this information. Plaintiff counsel is on medical leave due to post covid complications and Defendant Counsel will not cooperate with any sort of extension.  Defendants are now stating that they will seek eviction if Plaintiff's do not pay the inflated payoff.**

## ARGUMENT

Plaintiff brought a very straightforward complaint alleging violations of RESPA (Real Estate Settlement Procedures Act) and TILA (Truth in Lending Act) and have a strong likelihood of prevailing on the merits as the violations are blatant and were admitted to on the record.  Further, the ongoing refusal of Defendants to supply simple insurance documentation certainly adds to the suspicion that said

3

charges are fabricated or other than has been represented, **Thus, Plaintiffs have a strong likelihood of prevailing on the merits.**

**Plaintiffs will suffer irreparable harm in the absence of injunctive relief:** As Defendants have admitted that they will seek eviction, the facts clearly establish irreparable harm First, the threat of eviction consituties irreparable harm.  See, e.g. *Sinisgallo v Town of Islip Hous. Auth., 865 F. Supp @d 307, 308 (E.D. N.Y. 2012)* Other courts have held that irreparable harm is presumed from the violation of Federal statutes and support such a finding here. Parris v Pappas, No 3:10-cv-1128, 2010 WL 5157326. (D. Conn 2007) citing LaFlamme v New Horizons Loans Inc 514 F. [supp] 2d 250 (D. Conn. 2007) ).

**Balance of Equities:** The balance of equities tips hearing in the Plaintiff's favor, as Plaintiff is merely seeking to maintain the status quo until the documentation sought for over two years is supplied. Furthermore, Plaintiffs can establish that Defendants are repeat offenders as to predatory lending, illegal foreclosure procedures and inaccurate payoffs.  The fact that the Plaintiff is a legally incapacitated senior citizens makes these violations even more egregious.

**Public interest is in Plaintiff's favor:** Public interest is firmly on the side of Plaintiffs ang against Defendants as perpretators of predatory lending.United states v Puerto Rico 764, F Supp 220, 225 (D.PR 1991) in which a injunction was

4

granted emphasizing the "public interest that all citizens have in seeking vigorous enforcement..,." of laws and legislation.

**Plaintiffs have met requirements under F.R.C.P 65:** As this Honorable Court is aware, Plaintiffs have repeatedly sought the insurance documentation to support the claims of Defendants only to have such requests denied or frustrated; this included returning to State Court to have the prior order that was agreed to on the record by all parties amended. Plaintiffs have additionally sent multiple emailed requests including earlier today which specifically advised of this motion.[2]

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order preventing further transfer of the real property which is the subject of this litigation by the Defendants and order that all insurance related documentation be produced. Specifically including: all policies contracts with all addendums, all proof of payment and all dates of coverage and any other relief deemed appropriate by this Honorable Court

                                      Respectfully submitted,

By:      *Valerie A. Moran (P 56498)*
             Valerie A. Moran (P 56498)
             Attorney for Plaintiffs
             25 Louck #19
             Oxford, MI 48371
             248-514-6755/vmoranatty@gmail.com

---

[2] Certificate is being file simultaneously with this motion

5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March 2025, I did serve a true and correct copy of the foregoing that was filed with the clerk of the court using the ECF filing system and was served on Defendants using same and via hand delivery at their email of record and office of record:

    39577 Woodward Ave #300 Bloomfield Hills, MI 48304

                               */s/ Valerie A. Moran*
                               Valerie A. Moran Attorney for Plaintiffs