# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

SHARON CURTIS,
via her guardian and conservator,
JANETTE CURTIS,

      Plaintiffs,                     Case No. 1:23-cv-12859-TLL

vs.                                    Honorable Thomas L. Ludington
                                            U. S. District Court Judge

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for Quest
Trust 2005-X1, Asset Backed Certificates
Series 2005-X1; PHH MORTGAGE
CORPORATION, a foreign limited
liability corp.; OCWEN FINANCIAL
CORPORATION, a foreign limited
liability corp., jointly and severally,

      Defendants.

---

| | |
|---|---|
| Valerie A. Moran | Dawn N. Williams (P72399) |
| **D/B/A THE MORAN LAW FIRM** | **DYKEMA GOSSETT PLLC** |
| *Attorney for Plaintiffs* | *Attorneys for Defendants* |
| 25 Louck Street, #19 | 201 Townsend Street, Suite 900 |
| Oxford, MI  48371 | Lansing, MI  48933 |
| (248) 514-6755 | (616) 776-7518 |
| vmoranatty@gmail.com | dwilliams@dykema.com |

---

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

1

Defendants Deutsche Bank National Trust Company, as Trustee for Quest Trust 2005-X1, Asset Backed Certificates Series 2005-X1 (the "Trustee"), PHH Mortgage Corporation ("PHH"), and Onity Group Inc. ("Onity Group") f/k/a Ocwen Financial Corporation (collectively "Defendants), through its attorneys, submit their Brief in Opposition to Plaintiff Sharon Curtis' ("Plaintiff") Motion for Temporary Restraining Order.

## INTRODUCTION

This is Plaintiff's second request for injunctive relief in this action. Plaintiff's first request for a Temporary Restraining Order ("TRO") was denied. *See* Order [DE 4]. Plaintiff's current motion for a TRO should also be denied.

Plaintiff's motion for a TRO should be denied at the outset because there is **no** urgent risk of eviction that would cause Plaintiff irreparable harm as she claims. Indeed, Plaintiff does not (and cannot) cite to any action by Defendants initiating summary proceedings to obtain possession of the property at issue pursuant to MCL § 600.5714(1)(g), let alone an immediate risk of eviction following a judgment of possession.

Moreover, Plaintiff's other purported reasons for a TRO have no merit. In addition to the alleged risk of eviction, Plaintiff's argues that a TRO is necessary because Defendants improperly overturned the Circuit Court judgment. Not only is this argument illogical, as the Circuit Court granted Defendants' motion to

1

amend on its own volition after conducting a hearing and allowing both sides to present their case, the Circuit Court order is not a judgment of possession and does not present any immediate risk of eviction that would warrant a TRO. To the extent Plaintiff is asking that this Court find that the Circuit Court judgment was improper, such relief is prohibited by the Rooker-Feldman Doctrine.[1]

Next, Plaintiff argues that a TRO is necessary because Defendants have allegedly wrongfully withheld insurance documents. But Plaintiff has a pending motion on this discovery dispute, which is set for hearing on April 9, 2025. Plaintiff's attempt to seek a TRO for production of documents is not only procedurally improper,[2] she does not (and cannot) explain how the documentation has any connection to an immediate risk of eviction.

Finally, Plaintiff avers that her counsel is on a medical leave. Plaintiff's counsel has had numerous medical issues throughout litigation with Defendants, often causing delay.[3] But Plaintiff's claimed medical leave has no causal link to an immediate risk of eviction and a need for a TRO.

---

[1] The Rooker-Feldman doctrine bars federal lawsuits in which a party seeks to take an appeal of an unfavorable state-court decision to a lower federal court. *See Brown v. First Nationwide Mortgage Corp.*, 206 Fed. Appx. 436 (6th Cir. 2006).

[2] A motion to compel, *after* conducting a meet and confer conference, is the proper procedure to challenge Defendants' discovery production. Fed. R. Civ. P. 37; L.R. 37.1.

[3] *See* September 30, 2024 Transcript, p. 51, **Exhibit A** (the Circuit Court noted that Plaintiff's counsel has had numerous medical issues through the course

2

But, even if Plaintiff did establish an emergency situation giving rise to irreparable harm (which she has not), her motion for a TRO still fails because – as set forth below, and in Defendants' motion for summary judgment – she cannot establish a likelihood of success on the merits.

Accordingly, Defendants respectfully request that the Court deny Plaintiff's motion for a TRO.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Defendants incorporate the Factual Background set for in its Motion for Summary Judgment ("MSJ") [ECF No. 31, PageId.1076-1081] as if fully set forth herein. In addition, Defendants state the following:

**I.      The Related Circuit Court Action Challenging the Loan Balance.**

On March 12, 2024, Plaintiff entered into a settlement on the record before the Clare County Circuit Court (the "Circuit Court"), agreeing upon a payoff amount, rescission of the sheriff's sale, and dismissal of the lawsuit with prejudice (*see* March 12, 2024 Transcript, pp. 12-16, Exhibit N to MSJ [ECF No. 31-15, PageID.1509-1524). After which, Plaintiff raised objections to the payoff amount and settlement agreement terms and tried to backout of the settlement (*see* September 30, 2024 Transcript, Exhibit E to MSJ [ECF No. 31-6, PageId.1301-

---

of the case).

3

1356). Because the parties could not agree upon the terms of the settlement agreement, the Circuit Court entered an order enforcing the settlement on January 3, 2025, ordering the parties to exchange payments (which would result in the payoff of the loan), rescinding the sheriff's sale, and dismissing the case with prejudice. *See* January 3, 2025 Order, Exhibit F to MSJ [ECF No. 31-7, PageId.1358-1362].

Given Plaintiff's ongoing challenges to the payoff amount, Defendants moved to amend the judgement to prevent the foreclosure sale from being rescinding until Plaintiff paid off the loan, explaining that foreclosure would have to restart if Plaintiff refused to pay off the loan. *See* Motion to Amend, **Exhibit B**. Confirming her continued objections to the payoff amount, Plaintiff moved for reconsideration, asking the Circuit Court to excuse Plaintiff from paying additional interest and ordering Defendants to recalculate the payoff amount. *See* Motion for Reconsideration, **Exhibit C**. The Circuit Court conducted a hearing on the pending motions on February 7, 2025, rejected Plaintiff's objections and granted Defendants' Motion to Amend, amending the judgment, reinstating the Sheriff's Sale, and allowing for rescission of the Sheriff's Sale after satisfaction of Plaintiff's obligations under the agreed upon March 12, 2024 settlement. *See* February 7, 2025 Order, **Exhibit D**. The Circuit Court served a copy of the February 7, 2025 Order on the parties the same day. *See id.*

4

Defendants are now awaiting resolution of the pending action before proceeding with further litigation to enforce the February 7, 2025 Order and their interest in the Property, if necessary.

## II.     Plaintiff's Discovery Dispute.

On February 5, 2025, Plaintiff filed a Motion for an Expedited Conference and Request for Additional Time to Respond to Defendants' MSJ (the "Discovery Motion"). [Discovery Motion, DE 32]. Plaintiff's Discovery Motion argued that Defendants produced illegible documents and withheld documents. *Id.* Defendants responded on February 11, 2025, pointing out that (i) the documents Plaintiff claimed were illegible were in fact documents *Plaintiff sent to Defendants*, and (ii) Plaintiff's claim for withheld had no merit because Defendants produced hundreds of pages of detailed escrow charges for taxes and insurance— and, to the extent Plaintiff was seeking insurance records for insurance incurred after the Sheriff's Sale, those records are irrelevant because Plaintiff is no longer the owner of the property and has no standing to challenge the validity of the post-foreclosure insurance and/or charges [DE 36, PageID.2036-2237].

The Court set a hearing on Plaintiff's Discovery Motion for April 9, 2025 [DE 37]. Despite the upcoming hearing, Plaintiff's motion for a TRO seeks a ruling on the Discovery Motion and order for Defendants to produce a broad collection of insurance documents.

5

## **STANDARD OF REVIEW**

"The Supreme Court has stated that '[a] preliminary injunction is an extraordinary remedy never awarded as of right.'" *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 731 (E.D. Mich. 2010), *aff'd*, No. 10-1782, 399 Fed. App'x 97, 2010 WL 4275305 (6th Cir. 2010) ("*Livonia Properties*") citing *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 129 S.Ct. 365, 376 (2008); *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002) ("A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."); *Roghan v. Block,* 590 F. Supp. 150, 153 (W.D. Mich. 1984), *aff'd*, 790 F.2d 540 (6th Cir. 1986) ("There is no power the exercise of which requires greater caution, deliberation, and sound discretion, or more dangers in a doubtful case, than the issuance of an injunction."). "'The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.'" *Livonia Properties*, 717 F. Supp. 2d at 731, quoting *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000). Thus, Plaintiff here must affirmatively demonstrate its entitlement to injunctive relief.

"A plaintiff seeking a preliminary injunction must establish (1) that [s]he has a strong likelihood to succeed on the merits; (2) that [s]he is likely to suffer

irreparable harm without the injunction; (3) that the injunction would not cause substantial harm to others; and (4) that an injunction is in the public interest." *Livonia Property Holdings*, 717 F. Supp. 2d at 731. "Although the factors are to be balanced, a finding that there is no likelihood of irreparable harm, *Winter,* 129 S.Ct. at 375, or no likelihood for success on the merits, *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000), is usually fatal." *Livonia Property Holdings*, 717 F. Supp. 2d at 731.

## ARGUMENT

### I.    PLAINTIFF HAS FAILED TO ESTABLISH IRREPARABLE HARM.

"A plaintiff seeking a preliminary injunction must establish . . .that [s]he is likely to suffer irreparable harm without the injunction." *Livonia Property Holdings*, 717 F. Supp. 2d at 731. The party seeking an injunction 'bears a heavy burden and must demonstrate more than an unfounded fear of harm." *Sheldon v. Vilsack*, 2011 WL 611891, at *2 (E.D. Mich. Feb. 11, 2011). "In evaluating the harm that will occur depending upon whether or not the stay is granted, the court generally looks to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. *Id.*, citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 154 (6th Cir. 1991). "Injuries in terms of money, time and energy, however substantial, necessarily expended in the absence of a stay, are not enough." *Id.*

7

"The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.*

Plaintiff cannot establish that she will suffer any harm, let alone substantial, irreparable harm, if the injunction is denied because Plaintiff has not, and cannot, establish that eviction is imminent. Before eviction can even occur, Defendants would have to initiate summary proceeding and move for a judgment of possession pursuant to MCL § 600.5714(1)(g). Plaintiff does not, and cannot, plead that such proceedings are underway.

Moreover, Plaintiff cannot dispute that she defaulted on the Mortgage and Defendants' right to possession under the Sheriff's Sale is a result of her own default. While Plaintiff may profess that she challenges the ultimate payoff balance, the default is not in dispute and Plaintiff has lost standing to challenge that default. *Kim v. JP Morgan Chase Bank, NA*, 493 Mich. 98, 113; 825 N.W.2d 329 (2012). In *Livonia Property Holdings*, the Sixth Circuit affirmed the district court's denial of a motion for preliminary injunction on the basis that the plaintiff "was unlikely to suffer irreparable harm as a result of the denial of the preliminary injunction" because the purported harm to be suffered was "the direct result of [the borrower's] default on the loan" and "self-inflicted harm is not the type that

8

injunctions are meant to prevent." *Livonia Properties*, 399 Fed. App'x at 104. The same is true here.

In addition, Plaintiff had six months after the foreclosure sale to assert rights in the subject property pursuant to the statutory right of redemption. MCL 600.3240. The availability of the redemption period to an admittedly defaulted borrower was another basis relied upon by the Sixth Circuit in *Livonia Properties*: "Because [the borrower] would still have the redemption right, any harm it might suffer from foreclosure was not irreparable." *Livonia Properties*, 399 Fed. App'x at 104. *See also, Coyer v. HSBC Mortg. Services,* 2011 WL 1480485, at *2 (E.D. Mich. April 19, 2011). Similarly, in *Sheldon*, the court denied a borrower's motion to enjoin a foreclosure by advertisement because the borrower had failed to establish irreparable harm. The court explained:

> Plaintiff…does not explain why monetary compensation would be inadequate should she be required to relocate. Furthermore, as noted in Plaintiff's brief, she retains the right of possession to the property for the statutory redemption period of six months after the foreclosure sale, and during that time she has no obligation to pay rent. Because Plaintiff is permitted to redeem the property after the sale, she has not shown that irreparable harm will occur at the time of the foreclosure sale.

*Sheldon,* 2011 WL 611891, at *2 (internal citations omitted).

Plaintiff here has also failed to explain why monetary compensation would be inadequate to compensate her for any potential harm. Furthermore, Plaintiff agreed to the payoff amount ordered by the Circuit Court. If Plaintiff agreed to

9

comply with the settlement entered on March 12, 2024, litigation would be resolved and she would obtain title to the Property. Plaintiff's own refusal to accept the March 12, 2024, agreed payoff amount is the reason she faces the possibility of eviction after this action is resolved. Thus, any irreperable harm is the fault of Plaintiff and not a basis for a TRO. *Livonia Properties*, 399 Fed. App'x at 104 ("self-inflicted harm is not the type that injunctions are meant to prevent.")

Additionally, as noted above, Plaintiff's claim of a medical leave, reliance upon pending discovery disputes, and challenges to the Circuit Court's February 7, 2025 judgment likewise fail to establish irreparable harm. Plaintiff does not identify any causal connection between eviction and the foregoing claims; thus, Defendants can only guess that Plaintiff raises these issues in an apparent attempt to establish harm—because she purportedly cannot challenge enforceability of the February 7, 2025 without further discovery and assistance of counsel. This argument fails. The Circuit Court's February 7, 2025 judgment is a final order and the Rooker-Feldman doctrine prohibits Plaintiff from challenging that judgment in this Court. *See Brown v. First Nationwide Mortgage Corp*., 206 Fed. Appx. 436 (6th Cir. 2006). Accordingly, any claimed harm connected to not being able to challenge the Circuit Court February 7, 2025 judgment has no merit.

10

Accordingly, even if eviction were imminent (which it is not), injunctive relief should be denied because Plaintiff has not established irreparable harm.

## II. PLAINTIFF HAS FAILED TO ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS[4]

But even if Plaintiff could establish irreparable harm (which she cannot), Plaintiff cannot establish a likelihood of success on the merits; therefore, her motion for a TRO should be denied with prejudice.

### A. Plaintiff's Claims Are Barred By The Doctrines Of *Res Judicata* and Collateral Estoppel.

As established in Defendants' MSJ, this case is one of four actions brought by Plaintiff challenging Defendants' collection and/or conduct under the terms of the loan in dispute. Plaintiff's first federal court action and first state court action address the exact issue in dispute: Plaintiff's challenges to the loan balance, including fees and costs. Plaintiff's first federal action even pled a Real Estate Settlement Procedures Act ("RESPA") claim similar to the one pled in this action. This Court dismissed Plaintiff's RESPA claim *with prejudice* on November 6, 2020. *See* February 14, 2020 Complaint, Exhibit B to MSJ [DE 31-3, PageID.1261-1273]. Likewise, Plaintiff's dispute the first circuit court action was dismissed with prejudice via an order enforcing an agreement upon settlement

---

[4] To avoid unnecessary duplication, Defendants incorporate the arguments and law set forth in their MSJ [DE 31] as if fully set forth herein.

11

between Plaintiff and Defendants on February 7, 2025. *See* February 7, 2025 Order, **Exhibit D**.

Because Plaintiff's prior actions have been litigated to judgment, involve the same parties and/or privies, this action concerns claims that were or could have been litigated in Plaintiff's other three prior actions, and an identity of causes of action is present, Plaintiff's claims are barred by res judicata and collateral estoppel. *United States v. Sageman*, No. 07-13445-BC, 2007 WL 4357728, *3 (E.D. Mich. 2007) (citing *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003)).

Plaintiff therefore cannot establish a likelihood of success on the merits and Plaintiff's motion for a TRO should be denied with prejudice.

**B.     Plaintiff's RESPA Claim Is Deficient.**

But even if Plaintiff's RESPA claim could survive res judicata and collateral estoppel, which she cannot, it is further deficient because she does not, and cannot, plead that she sent a valid Qualified Written Request ("QWR").

Plaintiff's RESPA claim rests upon a purported correspondence to Defendants' counsel. But it is well settled that if a servicer has a designated address, the QWR must be sent to that designated address. *Best v. Ocwen Loan*

12

*Servicing, LLC*, 2016 U.S. Dist. LEXIS 3441, *7, 2016 WL 125875 (E.D. Mich. Jan. 12, 2016).[5]

Because Plaintiff admittedly did not send the purported QWR to the servicer's designated mailing address, her assertion that Defendants failed to respond to a QWR in violation of RESPA fails. Moreover, damages are lacking. Plaintiff's only claim of damages is based upon her conclusory allegations of improper escrow and property management fees. *See* Complaint, ¶ 23 [ECF No. 1]. Plaintiff does not, and cannot, present any evidence establishing these charges as improper.[6] As established above, not only did the parties engage a third-party accountant to review the accounting, which culminated in no finding of error, PHH's representative confirmed under oath that the accounting is accurate. *See* MSJ [DE 31-5 and 31-16]. Furthermore, Plaintiff has not alleged a "pattern or practice" of noncompliance such that statutory damages would be available under RESPA.

Accordingly, Plaintiff's RESPA claim fails for these reason as well and Plaintiff cannot establish a reasonable likelihood of success on the merits and a TRO should be denied.

---

[5] Plaintiff's own pleadings confirm that her servicer had a designated address for QWRs. *See* Exhibit A to MSJ [DE 31-2, PageID.1200].

[6] Indeed, the Mortgage expressly permits PHH to recover such expenses. *See, e.g.,* Mortgage, ¶¶ 1, 3, 7, 9, 14. Exhibit I to MSJ [DE 31-10, PageId.1463-1482].

13

### C. Plaintiff's TILA Claim Is Deficient.

Plaintiff's Truth in Lending Act ("TILA") claim also fails at the outset because it is duplicative of her RESPA claim and, thus, fails for the same reasons. But even if Plaintiff pled a TILA claim separate and distinct from her RESPA claim, the TILA claim fails because (i) Plaintiff fails to plead an actual violation of 12 CFR § 1024.17 and (ii) there is no private right of action for an alleged violation of 12 CFR § 1024.17. *See Cybulski v. Nationstar Mortg. Ltd. Liab. Co.*, No. 17-cv-03711, 2018 U.S. Dist. LEXIS 147638 (N.D. Ill. Aug. 30, 2018).

To the extent Plaintiff pleads a violation of 12 CFR § 1026.36, the claim fails because the records shows that there was no accounting error and Plaintiff's claims to the contrary have no factual basis. *See* MSJ [DE 31-5 and 31-16]. But more importantly, Plaintiff's claim under 12 CFR § 1026.36 is barred by TILA's one-year statute of limitations. As established in Defendants' MSJ, the affidavit Plaintiff relies upon was dated November 10, 2022 and produced to Plaintiff's counsel that same day. *See* MSJ, Exhibit P [DE 31-17, PageID.1940-1949]. Plaintiff did not file this action until November 11, 2023, more than one year after the date the affidavit was provided.

Moreover, the account statements attached to the affidavit are dated May 7, 2019 and July 1, 2022 and reflect that the charges in dispute occurred between September 2013 until January 2022. *See* Complaint, Ex. 4 [ECF No. 1-4 to 1-8,

14

PageID.38-393]. Plaintiff has not, and cannot, deny that she was in possession of these figures more than one year prior to filing this action. The reason being: Defendants' counsel provided these same figures to her on July 6, 2022–one year and four months prior to Plaintiff filing this action. *See* July 6, 2022 Correspondence, Exhibit Q to MSJ [DE 31-18, PageId.1951-1954].

Accordingly, the TILA claim fails as a matter of law, Plaintiff cannot establish a reasonable likelihood of success on the merits, and a TRO should be denied with prejudice.[7]

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court deny with prejudice Plaintiff's Motion for a Temporary Restraining Order because Plaintiff has not established the right to such extraordinary relief.

---

[7] Notably, Plaintiff previously sought a TRO in this Court, which was denied. [DE 4]. Plaintiff also sought a TRO in the Circuit Court, which was denied. *See* Exhibit A to MSJ [DE 31-2 Page ID.12357-1260].

15

                                                 Respectfully submitted,

                                                 DYKEMA GOSSETT PLLC

                                               By: */s/ Dawn N. Williams*

Dated: April 1, 2025                 Dawn N. Williams (P72399)
                                               *Attorneys for Defendants*
                                               201 Townsend Street, Suite 900
                                               Lansing, MI 48933
                                               (616) 776-7518
                                               dwilliams@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE, SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

## CERTIFICATE OF SERVICE

I certify that on April 1, 2025, I caused a true and correct copy of the foregoing **Defendants' Brief in Opposition to Plaintiff's Motion For Temporary Restraining Order** to be filed and served electronically via the ECF system, which will send notification of said filing to all counsel of record.

By: */s/ Dawn N. Williams*
    Dawn N. Williams (P72399)
    *Attorneys for Defendants*
    201 Townsend Street, Suite 900
    Lansing, MI 48933
    (616) 776-7518
    dwilliams@dykema.com