UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON CURTIS, and JANETTE CURTIS,

        Plaintiffs,                        Case No. 1:23-cv-12859

v.                                           Honorable Thomas L. Ludington
                                                  United States District Judge

DEUTSCHE BANK, et al.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S THIRD MOTION TO ADJOURN RESPONSE DEADLINE**

In August 2004, Plaintiff Sharon Curtis and her former spouse, Neal Curtis,[1] obtained a loan for $59,700.00 to remodel their home on Pine Street in Harrison, Michigan. *See* ECF Nos. 1-4 at PageID.47; 31-2 at PageID.1108. Eventually, Sharon defaulted on the loan in 2018. *See* ECF No. 1-4 at PageID.42. So Sharon's mortgagee, Defendant Deutsche Bank, initiated foreclosure proceedings under its power of sale. *See* ECF No. 31-2 at PageID.1213, 1222. And on December 4, 2019, a Clare County Sheriff's Deputy conducted a public auction of Sharon's property. *See id.* at PageID.1220–25. There, Defendant Deutsche Bank placed a credit bid for the property and received a Sheriff's Deed for it. *See id.* at PageID.1220–25.

But rather than redeem Sharon's property for $39,900—the redemption price in Deutsche Bank's statutorily required purchaser's affidavit, *see id.* at PageID.1225—Sharon and her daughter, Plaintiff Janette Curtis,[2] launched a campaign of litigation that has driven Sharon's loan

---

[1] Neal Curtis, who has since passed away, no longer holds an interest in the relevant property. *See* ECF No. 40-4 at PageID.2354; *see also* ECF No. 31-7 at PageID.1360.

[2] Janette is also Sharon's guardian and conservator because Sharon is legally incapacitated. *See* ECF Nos. 1 at PageID.2–3; 41-1 at PageID.2365.

payoff amount to nearly $100,000. *See* ECF No. 41-1 at PageID.2366. Indeed, since the 2019 Sheriff's Sale, Plaintiffs have filed four lawsuits against Defendant Deutsche Bank and the companies that serviced the loan, Defendants Ocwen Financial Corporation and PHH Mortgage Corporation.[3]

This case is among the four lawsuits. On November 9, 2023, Plaintiffs filed this case, asserting two claims that allege Defendants Deutsche Bank, Ocwen, and PHH, violated Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*, and the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* ECF No. 1. Factually, Plaintiffs base these claims on account statements attached to an Affidavit that an Ocwen loan analyst filed in a state case that is also a part of Plaintiffs' litigation campaign. *See id.* at PageID.4–7 (citing ECF No. 1-4). To that end, they allege that two categories of "charges" in the account statements inaccurately inflate Sharon's loan reinstatement payoff balance. *See id.* at PageID.4–8.

On January 16, 2025, after a final order was issued in the related state case, Defendants moved for summary judgment in this case. *See* ECF No. 31. Accordingly, Plaintiffs' response to Defendant's Motion for Summary Judgment was due February 6, 2025. *See* E.D. Mich. LR 7.1(e)(2)(A). But on February 5, 2025, Plaintiffs filed a motion seeking to (1) stay and adjourn their response to Defendants' Motion for Summary Judgment; and (2) compel Defendants to produce certain insurance documents. ECF No. 32. This Court granted the stay and adjournment of Plaintiffs' response until it could address the Plaintiffs' request for an order compelling Defendants to produce insurance documents. ECF No. 44 at PageID.2411.

---

[3] This Court outlined the maze-like history of Plaintiffs' lawsuits in an Opinion and Order issued on May 5, 2025. ECF No. 44.

On May 5, 2025, this Court denied Plaintiffs' Motion to Compel. *See generally id.* In the Opinion and Order, Plaintiffs were directed "to file a response to Defendant's Motion for Summary Judgment, ECF No. 31, on or before May 27, 2025." *Id.* at PageID.2424. But despite having three weeks to respond, on the day their response was due, Plaintiffs filed a last-minute Motion requesting a second, "brief adjournment" of their response due to their attorneys' "post covid complications." ECF No. 45 at PageID.2426. On May 28, 2025, this Court granted Plaintiffs' Motion and directed Plaintiffs to respond to Defendants' Motion for Summary Judgment by June 10, 2025.

Yet on June 10, 2025, Plaintiffs filed another last-minute Motion: A third Motion to Adjourn their Response to Defendants' Motion for Summary Judgment. ECF No. 46. They again cite their Counsel's medical complications. *See generally id.* But because Plaintiffs' Counsel has had ample time to seek assistance to file a response after multiple adjournments, Plaintiffs' third Motion to Adjourn their response to Defendants' Motion for Summary Judgment, ECF No. 46, will be denied.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Adjourn their Response, ECF No. 46, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

Dated: July 7, 2025                    s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge