# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

SHARON CURTIS,
via her guardian and conservator,
JANETTE CURTIS,

   Plaintiffs,      Case No. 1:23-cv-12859-TLL

vs.           Honorable Thomas L. Ludington
            U. S. District Court Judge

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for Quest
Trust 2005-X1, Asset Backed Certificates
Series 2005-X1; PHH MORTGAGE
CORPORATION, a foreign limited
liability corp.; OCWEN FINANCIAL
CORPORATION, a foreign limited
liability corp., jointly and severally,

   Defendants.

---

Valerie A. Moran      Dawn N. Williams (P72399)
**D/B/A THE MORAN LAW FIRM**  DYKEMA GOSSETT PLLC
*Attorney for Plaintiffs*    *Attorneys for Defendants*
25 Louck Street, #19     201 Townsend Street, Suite 900
Oxford, MI 48371     Lansing, MI 48933
(248) 514-6755      (616) 776-7518
vmoranatty@gmail.com    dwilliams@dykema.com

---

## DEFENDANTS' MOTION TO ADJOURN TRIAL DATES AND/OR GRANT MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO RESPOND

  Defendants Deutsche Bank National Trust Company, as Trustee for Quest

Trust 2005-X1, Asset Backed Certificates Series 2005-X1 (the "Trustee"), PHH

DYKEMA GOSSETT PLLC • Capitol View, 201 Townsend Street, Suite 900, Lansing, Michigan 48933

Mortgage Corporation ("PHH"), and Onity Group Inc. ("Onity Group") f/k/a Ocwen Financial Corporation (collectively "Defendants), by and through their attorneys, Dykema Gossett PLLC, move this Court for an adjournment of the trial dates in this matter by ninety (90) days; or, in the alternative to granting Defendants' motion for summary judgment for failure to respond.  In support of their Motion, Defendants state as follows:

1.     On January 16, 2025, Defendants filed a motion for summary judgment and supporting documents.  (Docket No. 31).

2.     In lieu of responding to Defendants' motion for summary judgment, Plaintiff filed a motion for expedited conference (Docket No. 32) and a motion for a temporary restraining order (Docket No. 39).

3.     On May 5, 2025, this Court entered an opinion and order denying Plaintiff's motion for an expedited conference, directing Plaintiff to respond to Defendants' motion for summary judgment by May 27, 2025, and denying Plaintiff's motion for summary judgment (Docket No. 44).

4.     On May 27, 2025, the day Plaintiff's response to Defendants' motion for summary judgment was due, Plaintiff filed a motion for a brief adjournment (Docket No. 44).  Defendants did not consent to the adjournment (*id.*)

2

5.      On May 28, 2025, this Court granted the adjournment in a text-order, directing Plaintiff to file a response to Defendants' motion for summary judgment by June 10, 2025.

6.      On June 10, 2025, the day Plaintiff's response to the motion for summary judgment was due, Plaintiff filed another motion for adjournment (Docket No. 46).

7.      The Court denied Plaintiff's motion for adjournment on July 7, 2025 (Docket No. 47).

8.      Trial is currently set for August 5, 2025 (Docket No. 28).

9.      It is well settled that "[a] plaintiff's failure to address a claim in response to a motion for summary judgment on that claim "demonstrates abandonment and waiver of the claim."" *Hua v. Home Depot U.S.A., Inc.,* 452 F. Supp. 3d 698, 704 (E.D. Mich. 2020) (citing *Crampton v. Kroger Co.*, 213 F. Supp. 3d 910, 913 (E.D. Mich. 2016)).

10.     The time to respond to Defendants' motion for summary judgment expired on June 10, 2025.  Accordingly, Defendants ask that this Court deem any objection to Defendants' motion for summary judgment waived and grant Defendants' motion for summary judgment for the reasons stated therein.

DYKEMA GOSSETT PLLC • Capitol View, 201 Townsend Street, Suite 900, Lansing, Michigan 48933

11.     Additionally, Defendants request that this Court adjourn the August 5, 2025 trial dates while Defendants await a ruling on their pending motion for summary judgment.

12.     Before proceeding with trial preparation, Defendants need the Court to resolve the issues of law presented in Defendants' motion for summary judgment, which Defendants contend should resolve all pending claims.

13.     Resolution of Defendants' motion for summary judgment has been unjustly delayed due to Plaintiff's frivolous motion practice, which this Court denied for lack of merit (Docket No. 44) and inexcusable delay (Docket No. 47); and, Defendants will suffer undue prejudice if the case proceeds to trial before resolution of their pending motion for summary judgment.

14.     Federal courts possess the inherent power to control their dockets to both promote efficiency and ensure fairness for all interested parties. *See Ohio Envtl. Council v. United States Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (noting " . . . the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants.").

15.     For the reasons discussed above, and pursuant to this Court's authority to modify its docket, Defendants asks this Court to adjourn the trial date in this matter for a period of at least ninety (90) days, allowing time for resolution

4

of Defendants' pending motion for summary judgment, and sufficient time to prepare for trial in the event the case is not resolved on summary judgment.

16.    On July 2, 2025, Defendants sought concurrence in the adjournment of the trial dates and requested a response by 9:00 a.m. on July 3, 2025.  Plaintiff's counsel advised that she would speak with her client, but Defendants have yet to receive concurrence.  Plaintiff previously declined concurrence on Defendants' motion for summary judgment.

For the foregoing reasons, Defendants respectfully requests that this Court grants its motion for summary judgment and enter the proposed Order submitted concurrently herewith adjourning the trial dates in this matter for at least ninety (90) days.

<div style="margin-left: 40%;">

Respectfully submitted,

DYKEMA GOSSETT PLLC


By: */s/ Dawn N. Williams*
Dawn N. Williams (P72399)
*Attorneys for Defendants*
201 Townsend Street, Suite 900
Lansing, MI  48933
(616) 776-7518
dwilliams@dykema.com

</div>

Dated: July 7, 2025

DYKEMA GOSSETT PLLC • Capitol View, 201 Townsend Street, Suite 900, Lansing, Michigan 48933

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

SHARON CURTIS,
via her guardian and conservator,
JANETTE CURTIS,

        Plaintiffs,

vs.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for Quest
Trust 2005-X1, Asset Backed Certificates
Series 2005-X1; PHH MORTGAGE
CORPORATION, a foreign limited
liability corp.; OCWEN FINANCIAL
CORPORATION, a foreign limited
liability corp., jointly and severally,

        Defendants.

Case No. 1:23-cv-12859-TLL

Honorable Thomas L. Ludington
U. S. District Court Judge

---

Valerie A. Moran
**D/B/A THE MORAN LAW FIRM**
*Attorney for Plaintiffs*
25 Louck Street, #19
Oxford, MI 48371
(248) 514-6755
vmoranatty@gmail.com

Dawn N. Williams (P72399)
DYKEMA GOSSETT PLLC
*Attorneys for Defendants*
201 Townsend Street, Suite 900
Lansing, MI 48933
(616) 776-7518
dwilliams@dykema.com

---

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO ADJOURN TRIAL DATES AND/OR GRANT MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO RESPOND

Defendants Deutsche Bank National Trust Company, as Trustee for Quest

Trust 2005-X1, Asset Backed Certificates Series 2005-X1 (the "Trustee"), PHH

Mortgage Corporation ("PHH"), and Onity Group Inc. ("Onity Group") f/k/a Ocwen Financial Corporation (collectively "Defendants), by and through its attorneys, Dykema Gossett PLLC, requests that this Court grant their Motion to Adjourn Trial Dates and/or Grant Motion for Summary Judgment for Failure to Respond for the reasons set forth in the Motion.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: */s/ Dawn N. Williams*

Dated: July 7, 2025

Dawn N. Williams (P72399)
*Attorneys for Defendants*
201 Townsend Street, Suite 900
Lansing, MI  48933
(616) 776-7518
dwilliams@dykema.com

DYKEMA GOSSETT PLLC • Capitol View, 201 Townsend Street, Suite 900, Lansing, Michigan 48933

2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 7th day of July, 2025, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

<div align="right">

*/s/ Dawn N. Williams*
Dawn N. Williams (P72399)
*Attorneys for Defendants*
201 Townsend Street, Suite 900
Lansing, MI  48933
(616) 776-7518
dwilliams@dykema.com

</div>

3