# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

SHARON CURTIS,
via her guardian and conservator,
JANETTE CURTIS,

      Plaintiffs,

vs.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for Quest
Trust 2005-X1, Asset Backed Certificates
Series 2005-X1; PHH MORTGAGE
CORPORATION, a foreign limited
liability corp.; OCWEN FINANCIAL
CORPORATION, a foreign limited
liability corp., jointly and severally,

      Defendants.

Case No. 1:23-cv-12859-TLL

Honorable Thomas L. Ludington
U. S. District Court Judge

---

| | |
|---|---|
| Valerie A. Moran<br>**D/B/A THE MORAN LAW FIRM**<br>*Attorney for Plaintiffs*<br>25 Louck Street, #19<br>Oxford, MI  48371<br>(248) 514-6755<br>vmoranatty@gmail.com | Dawn N. Williams (P72399)<br>DYKEMA GOSSETT PLLC<br>*Attorneys for Defendants*<br>201 Townsend Street, Suite 900<br>Lansing, MI  48933<br>(616) 776-7518<br>dwilliams@dykema.com |

---

## **REPLY IN SUPPORT OF SUMMARY JUDGMENT**

Defendants Deutsche Bank National Trust Company, as Trustee for Quest Trust 2005-X1, Asset Backed Certificates Series 2005-X1 (the "Trustee"), PHH Mortgage Corporation ("PHH"), and Onity Group Inc. ("Onity Group") f/k/a Ocwen

Financial Corporation (collectively "Defendants"),[1] (collectively the "Defendants"), by and through their attorneys, Dykema Gossett PLLC, submit this brief in Reply to Plaintiff's Response to their Motion for Summary Judgment.

## ARGUMENT

Plaintiff's belated response to Defendants' Motion for Summary Judgment does nothing to rebut the law and argument established in Defendants' Motion for Summary Judgment. Rather, Plaintiff alleges the following:

(i) the settlement entered in the Clare County State Court has an inflated loan balance amount, which Plaintiff is trying to challenge before this Court;

(ii) Defendants engaged in purported misconduct—which Defendants presume is directed at the discovery disputes that were considered and rejected by this Court [ECF No. 44]; and,

(ii) Plaintiff was not given an opportunity to engage new counsel.

These arguments do not respond to the fact that—as established in Defendants' Motion for Summary Judgment—Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

---

[1] The Court does not have jurisdiction over Onity Group. Onity Group is not "at home" in Michigan, nor does the subject matter of the lawsuit relate to any activity by Onity Group in Michigan. Rather, it pertains to the activities of Trustee and PHH. Indeed, Plaintiff does not plead any direct action of Onity Group, as such the claims against Onity Group fail to state a claim.

2

Plaintiff's arguments likewise do not respond to the fact that Plaintiff's Real Estate Settlement Procedures Act ("RESPA") claim fails because (i) Plaintiff never sent a qualified written request ("QWR") to the designated business address for QWRs; and, (ii) damages are lacking because she has not, and cannot, establish that the fees and costs incurred on the loan are improper—and her conclusory allegations challenging the loan balance cannot rebut Defendants' showing that the fees and costs are valid and appropriate.

Plaintiff's arguments also fail to respond to the fact that her Truth in Lending Act Claim fails because (i) Plaintiff fails to plead a violation of the statute, (ii) the claim it is time-barred, and (ii) damages are lacking for the same reason under her RESPA claim.

It is well settled that "[a] plaintiff's failure to address a claim in response to a motion for summary judgment on that claim "demonstrates abandonment and waiver of the claim."" *Hua v. Home Depot U.S.A., Inc.,* 452 F. Supp. 3d 698, 704 (E.D. Mich. 2020) (citing *Crampton v. Kroger Co.*, 213 F. Supp. 3d 910, 913 (E.D. Mich. 2016)).  But even if Plaintiff did not concede the merits of Defendants' Motion for Summary Judgment, the Court should grant summary judgment because Plaintiff cannot present any authority or argument to rebut the fact that her claims fail as a matter of law.

3

Plaintiff's failure to obtain new counsel due to alleged medical issues of her counsel is no excuse. Defendants' Motion for Summary Judgment has been pending since January 2025. Plaintiff's counsel claimed to be on medical leave back in March 2025 [ECF No. 39, PageID.2242]. Defendants' counsel pointed out, in response, that Plaintiff's counsel has had a history of medical issues that delayed litigation in the Clare County state court action [ECF No. 40, PageID.2248]. Rather than obtain new counsel, or proceed pro se, Plaintiff's counsel belatedly sought an extension to respond to Defendants' Motion for Summary Judgment on the day the response was due [ECF Nos. 44 & 46].

A medical leave does not automatically require a court to grant an extension to respond to a motion for summary judgment. Under the Federal Rules of Civil Procedure, specifically Rule 6(b), a court may extend the time to act for "good cause" if a request is made before the original deadline or if the failure to act was due to "excusable neglect" Fed. R. Civ. P. 6. Here, good cause is lacking because Plaintiff's counsel has claimed ongoing medical issues for years. The medical issues frequently arise on the due date of a response, causing continued delays in litigation. Such belated requests for extensions are not good cause to delay ruling on Defendants' Motion for Summary Judgment. Indeed, Plaintiff has had until January 2025 to review and prepare a response and the Court has discretion to refuse further delay. *See Kesterson v. Kent State Univ.*, 967 F.3d 519 (the Sixth Circuit upheld a

4

district court's denial of a request to modify a scheduling order, despite one attorney citing a medical problem and another needing time to familiarize themselves with the case. The court emphasized that while sensitivity to medical issues is important, attorneys are still responsible for staying up to speed on their cases.)

For these reasons, Defendants request that this Court grant their motion for summary judgment.

Dated: July 21, 2025                                            Respectfully submitted,

                                        DYKEMA GOSSETT PLLC

                                 By: */s/ Dawn N. Williams*
                                        Dawn N. Williams (P72399)
                                        *Attorneys for Defendants*
                                        201 Townsend Street, Suite 900
                                        Lansing, MI  48933
                                        (616) 776-7518
                                        dwilliams@dykema.com